_____COUNT

**Y CLERK**

# 212-2019-CR-00123

10/24/2021

Carroll County Superior Court
A TRUE COPY ATTEST:

## Motion to Dismiss

CSC-NOV25'19PM 2:43

" I, a man require Superior Court to dismiss the charge of disobeying an officer for no standing, no cause of action, no corpus delicti "

All statutes are Unconstitutional

- 16 American Jurisprudence 2D, Section 177
  A statute is unconstitutional law is void. The general principles follow that It imposes no duties, confers no rights creates no office, bestows no power or authority on any one (Am. Juris. vol. 16 Sec. 97 refer to)

- Sherar vs. Cullen, 4A F, 945
  "For a crime to exist there must be an injured party. There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights.

- Rodrigues VS Ray Donovan 769, F20, 1985
  All codes, rules, regulations are for government authorities only, not human / creators in accordance with Gods Laws.
  Those are my wishes, without prejudice —
  : George - Lawrence: Dore   11/24/19
  Notary: Jennifer Dore
  comm  exp 10/16/21   11/24/19

CSC-NOV25'19PM 2:43

Motion for Definitive definition

Of Notice of juny trial, The Word YOU.

" I Require you to define YOU, in the
phrase You ARE ORDERED, Are you ordering
the Strawman? which is also Know as my
NOM DE GUERRE, or are you ~~~~ ordering
the real Man to appear in Court. I appreciate
your prompt response Thank you, Those are my
wishes. "Without predjudice."

: George-Lawrence; Dore    11/24/19

Denied                    The defendant's assertion that "all statutes are
                          unconstitutional" is not a basis to dismiss the
*Amy Ignatius signature*  pending charges. Jury selection is scheduled for
                          December 9, 2019.
Honorable Amy L. Ignatius
November 26, 2019

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.
*Jean Banks signature*
Jean Banks, Deputy Clerk
10/26/2021

Filed
File Date: 11/26/2019 8:54 AM
Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                        SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S MOTION IN LIMINE FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE TIME OF SUNSET IN OSSIPEE, NEW HAMPSHIRE, ON AUGUST 16, 2018

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court take judicial notice, for the purposes of the upcoming jury trial in this matter, of the time that sunset occurred in Ossipee, New Hampshire, on August 16, 2018. The State asserts the following in support thereof:

1. The Defendant, George Dore, is charged with Disobeying a Police Officer, a Class A Misdemeanor, in violation of RSA 265:4, I(e).

2. At his bench trial in the Ossipee District Court on May 2, 2019, the Defendant attempted to explain his uncooperative behavior with Trooper Hawley Rae by stating that he could not identify her as a New Hampshire State Trooper because "it was dark" and he "couldn't really see a heck of a lot of anything."

3. The Old Farmer's Almanac states that in Ossipee on August 16, 2018, sunset occurred at 7:46 PM. *Sunrise & Sunset for Ossipee, NH*, Old Farmer's Almanac (last visited Nov. 26, 2019), https://www.almanac.com/astronomy/sun-rise-and-set/zipcode/03864/2018-08-16.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/21/2021

1

4.  Rule 201(a) of the New Hampshire Rules of Evidence states that "A court may take judicial notice of a fact. A judicially noticed fact must be one not subject to reasonable dispute in that it is… capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.H. R. Evid. 201.

5.  The Old Farmer's Almanac is a source whose accuracy cannot reasonably be questioned. See, e.g., *Bonkowski v. Oberg Industries, Inc.*, 992 F.Supp.2d 501, 511 (2014) ("The Old Farmer's Almanac [is] a source whose accuracy cannot reasonably be questioned."); *Wayne v. Leal*, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (sources whose accuracy cannot reasonably be questioned include "an almanac, dictionary, calendar, or other similar source."); *Allen v. Allen*, 518 F.Supp. 1234, 1237 (1981) (a court "may plainly take judicial notice [of an almanac] pursuant to F.R.E. 201."); *Schaffer v. Clinton*, 240 F.3d 878, 886 (2001).

WHEREFORE, the State requests that this Honorable Court:

1.  Take judicial notice, for the purpose of admission at the upcoming jury trial, that sunset occurred at 7:46 PM in Ossipee on August 16, 2018; and

2.  Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

November 25, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Motion in Limine was served electronically

to George Dore, Defendant in this matter, on November 25, 2019, at mssjgd@gmail.com, which

is the email address Mr. Dore provided for service of motions and documents.

November 25, 2019

Thomas Palermo

Granted

Any Ignur

Honorable Amy L. Ignatius
December 6, 2019

Clerk's Notice of Decision
Document Sent to Parties
on 12/09/2019

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

3

**THE OLD**
**FARMER'S ALMANAC**
FOUNDED IN 1792

# SUNRISE & SUNSET FOR OSSIPEE, NH

┌─ Sunrise & Sunset Times for Your Location ────────────────────

03864          2018  Aug  16    Change

Previous Day                                                    Next Day

### THURSDAY, AUGUST 16, 2018 FOR OSSIPEE, NH

| Position of the Sun | Time of Day | Length of Day |
|---|---|---|
| **Astronomical Twilight Begins** <br> the sun is 18° below the horizon | 4:01 A.M. | |
| **Nautical Twilight Begins** <br> the sun is 12° below the horizon | 4:42 A.M. | |
| **Civil Twilight Begins** <br> the sun is 6° below the horizon | 5:20 A.M. | |
| **Sunrise** | 5:51 A.M. | |
| **Transit** <br> the sun reaches its highest point in the sky | 12:48 P.M. | 13 Hours 55 Minutes |
| **Sunset** | 7:46 P.M. | |
| **Civil Twilight Ends** <br> the sun is 6° below the horizon | 8:16 P.M. | |
| **Nautical Twilight Ends** <br> the sun is 12° below the horizon | 8:54 P.M. | |
| **Astronomical Twilight Ends** <br> the sun is 18° below the horizon | 9:35 P.M. | |

All times are at sea level.

### MORE USEFUL INFORMATION FOR OSSIPEE FOR AUGUST 16, 2018

☾ Rise and set times for the Moon and planets

🗓 Moon phases and lunar calendar

○ Full Moon dates

🌐 Tide chart

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Carroll County

Carroll Superior Court

## State v. George L Dore

### 212-2019-CR-00123

### ORDER ON DEFENDANT'S MOTION RE JURISDICTION

The defendant George Dore, who now represents himself, has filed a motion entitled "I am a Man." The motion states he does not understand the charge and that the court lacks jurisdiction.

The defendant chose to no longer be represented by counsel. At the final pretrial conference he stated confidently had had previously represented himself and had "won" six of seven criminal trials. He was notified by the court that if he proceeds without counsel he cannot later claim unfairness because he did not understand the law or court procedures. The defendant stated he understood this. His only request was for a few weeks' continuance to familiarize himself with jury selection as he had never picked a jury before. The court granted the request. It also granted a request of former defense counsel to be present as standby counsel if the defendant so requested. Former defense counsel was directed to file a withdrawal and a new appearance as standby counsel.

This case is on appeal from the Circuit Court, following conviction on a charge of disobeying a police officer, a class A misdemeanor. The appeal was brought by the defendant. It is now docketed for trial de novo, with jury selection December 9, 2019 at 9:00 AM. The court need not further "prove" jurisdiction.

November 25, 2019
Date

Judge Amy L. Ignatius

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/21/2021

NHJB-3054-Se (08/06/2019)

21

Filed
File Date: 11/26/2019 2:51 PM
Carroll Superior Court
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

Carroll, SS

Superior Court
212-2019-CR-00123

# APPEARANCE
# (Stand-By Counsel)

State of New Hampshire

v.

George Dore

Returnable the first Tuesday of

\_\_\_\_\_ Court
(for Superior Court use only)

\_\_\_\_\_ Jury

Please enter my Appearance as stand-by counsel for:
**George Dore**

I, James P. Loring, Esq., hereby certify that I have this date served the State of New Hampshire by serving all parties of record with the instant pleading.

Dated: November 26, 2019

James P. Loring, Esquire
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515
(603) 430-9322
Bar # 1507

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks    10/26/2021
Jean Banks, Deputy Clerk

Filed
File Date: 11/26/2019 3:13 PM
Carroll Superior Cour
E-Filed Documen

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                         SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

The State of New Hampshire, by its counsel, Thomas Palermo, objects to the Defendant's

Motion to Dismiss, for the following reasons:

1.  The Defendant, George Dore, is charged with Disobeying a Police Officer, a Class A

    Misdemeanor, in violation of RSA 265:4, I(e).  The matter is proceeding to jury trial and

    selection will take place on December 9.

2.  The Defendant now moves to dismiss the charge against him.

3.  Although motions to dismiss in criminal matters are usually either issues of sufficiency of

    the evidence or substantive/procedural errors, the Defendant appears to be contending

    that the charging statute itself is unconstitutional.  "In reviewing a legislative act, [a court

    must] presume it to be constitutional and will not declare it invalid except upon

    inescapable grounds.   In other words, [a court] will not hold a statute to be

    unconstitutional unless a clear and substantial conflict exists between it and the

    constitution." *State v. Gubitosi*, 157 N.H. 720, 727 (2008).

4.  The State has standing to prosecute the Defendant for a violation of New Hampshire

    criminal statute because the State is the enforcer of the laws of New Hampshire.  RSA

HE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

                                                    1

Jean Banks, Deputy Clerk
10/26/2021

625:4 states that "a person may be convicted under the laws of this state for any offense committed by his own conduct or by the conduct of another for which he is legally accountable if either conduct which is an element of the offense or the result which is such an element occurs within this state…"

5. The cause of action in this matter is the Defendant's breach of New Hampshire law.

6. The State has already established the corpus delicti at the Defendant's bench trial in the Ossipee District Court, and will establish it again at the upcoming jury trial.

7. The Defendant fundamentally misunderstands the cases he is citing.

8. At no point in *Sherar v. Cullen*, 481 F.2d 945 (1973), does the Ninth Circuit Court of Appeals state that there must be an injured party for a crime to exist. Nowhere does the court say anything that could even be construed in that way. The case merely describes "the obvious concern that there be no sanction or penalty imposed upon one because of his exercise of constitutional rights," in a matter where a field agent of the Internal Revenue Service refused to furnish records for a personal tax audit and was terminated from his job as a result. *Sherar v. Cullen*, 381 F.2d 945, 947 (1973).

9. The Defendant cites *Rodrigues v. Donovan*, 769 F.2d 1344 (1985), to claim that "all codes, rules, regulations are for government authorities only, not human/creators in accordance with God's laws." The State is at a loss for how the Defendant concluded this from a worker's compensation benefits case in which the Ninth Circuit Court of Appeals discussed administrative agency-appellate court jurisdiction and the exhaustion of administrative remedies prior to appellate action.

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

10.   The Defendant's filings and stated theories about the legal system evidence that he holds similar beliefs to the sovereign citizen movement.  His statement that "all statutes are unconstitutional" is exemplary of this.

11.   Federal courts have described sovereign citizens as "a loosely affiliated group who believe that the state and federal government lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Johnson v. Weare Police Dept.*, 2013 WL 5740453 at *6 n.1.  The "belief that [one] needs neither a driver's license nor a vehicle registration is consistent with those of the sovereign citizen movement." *Id.* at *6 n.2.

12.   "The defendant purports to rely heavily on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract with the Court or the prosecutor, neither entity can foist any agreement upon him.  The criminal code is apparently not one of the groups of statutes whose validity the defendant will acknowledge." *United States v. Perkins*, 2013 WL 3820716, at *1.

13.   "This strategy, based on the defendant's claim to be a 'sovereign citizen,' serves to delay the proceedings, create unnecessary work for the Court and counsel, and distract the Court from adjudication of the case on its merits. *Perkins*, at *1.

14.   "...it is evident that Defendant is adhering to the same type of 'sovereign citizen' theories that caselaw has flatly rejected.  This court, like many other courts across the United States, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *United States v. Alexio*, 2015 WL 4069160, at *4.

15.   While the Defendant has not, to the State's knowledge, specifically identified himself with the label "sovereign citizen," his statements and his filings with this Court are rife

3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

with sovereign citizen theories and ideas. The State has doubts that the Defendant has read the cases he cites, and his arguments demonstrate fundamental misunderstanding of the criminal justice system.

16.    The Defendant has failed to show that the statute under which he is charged creates any conflict with the New Hampshire Constitution, let alone a clear and substantial one.

WHEREFORE, the State requests that this Honorable Court:

1.    Deny the Defendant's Motion to Dismiss; and

2.    Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

November 26, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Objection was electronically served on November 26, 2019, to George Dore, Defendant in this matter, at mssjgd@gmail.com.

November 26, 2019
THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/26/2021

Thomas Palermo

4

Filed
File Date: 11/26/2019 2:47 PM
Carroll Superior Court
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

Carroll, SS

**Superior Court**
**212-2019-CR-00123**

# WITHDRAWAL

State of New Hampshire

v.

George Dore

Returnable the first Tuesday of

\_\_\_\_\_ Court
(for Superior Court use only)

\_\_\_\_\_ Jury

---

Please enter my WITHDRAWAL as counsel for:
**George Dore**

I, James P. Loring, Esq., hereby certify that I have this date served the State of New Hampshire by serving all parties of record with the instant pleading.

Dated: November 26, 2019

James P. Loring, Esquire
240 Islington Street
P.O. Box 1515
Portsmouth, N.H.  03802-1515
(603) 430-9322
Bar # 1507

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

24

# Notice of Appearance

I: am MAN who appears
(: George-Lawrence: Dore;) at Carroll
County Superior Court on this 10th
day of December 2019.

: George - Lawrence: Dore

12/1/19

CSC-DEC 5'19pm12:29

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.

*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

212-2019-CR-123

25

Motion to Discharge :

I : am MAN who appears
(: George-Lawrence: Dore;) requires the
judge of Carroll County Superior Court to
discharge this case because there is
no verified complaint or claim that
did do wrong, cause bodily injury, or
harm to a man or woman. These
are my Wishes.

Thank You,

: George-Lawrence : Dore

12/1/19

Denied

Amy Ignatius

Honorable Amy L. Ignatius

December 6, 2019

A complaint was filed with the Circuit Court alleging a charge
of disobeying a police officer. This was tried to the court and
a conviction entered. The defendant filed an appeal for a
trial de novo, which is scheduled for jury selection December
9, 2019 with trial dates December 10 and 11, 2019. The
court need not produce further documentation to proceed with
this case. The motion to discharge is DENIED.

CSC-DEC 5'19>M12:29

**THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:**

Jean Banks

Jean Banks. Deputy Clerk

10/26/2021

212-2019-CR-123

26

File
File Date: 12/5/2019 3:00 PM
Carroll Superior Cour
E-Filed Documen

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S MOTION FOR INCLUSION OF JURY INSTRUCTION

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court

read the following jury instruction regarding the credibility of witnesses at the upcoming trial in

place of the Credibility of Witnesses instruction included in Draft Jury Instructions that the Court

provided to the parties. The instruction that the State seeks to admit is taken verbatim from the

New Hampshire Bar Association's Criminal Jury Instructions, 2010.

See http://www.nhbar.org/wp-content/uploads/CJI.pdf.

## CREDIBILITY OF WITNESSES

"In deciding this case, you must decide the credibility of witnesses; that is, it is up to you

to decide who to believe. If there is any conflict between the witnesses, then you must resolve

the conflict. Simply because a witness has taken an oath to tell the truth does not mean that you

have to accept the testimony as true.

Use your common sense and judgment. Consider factors you use in deciding important

issues in your everyday lives. For example, you may consider the following:

1.    The witness's appearance, attitude, and behavior on the stand and the way the witness

testified;

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Ben loo*

Jean Banks, Deputy Clerk
10/26/2021

1

2. The witness's age, intelligence and experience;

3. The witness's opportunity and ability to see or hear the things about which the witness testified;

4. The accuracy of the witness's memory;

5. Any motive of the witness not to tell the truth;

6. Any interest that a witness had in the outcome of the case;

7. Any bias of the witness, or friendship or animosity the witness may have for or against any of the other people in the case;

8. The consistency or inconsistency of the witness's testimony;

9. Whether or not what the witness said appears reasonable or unreasonable;

10. Whether what the witness said is consistent or inconsistent with the testimony of other witnesses, or with statements the witness made at another time.

In deciding which witnesses to believe and how much of their testimony to believe, you should consider both the direct and cross-examination of the witnesses.

If you believe that part of a witness's testimony is false, you may choose to distrust other parts also, but you are not required to do so. Inconsistencies and contradictions within a witness's testimony or between witnesses do not necessarily mean that you should disbelieve the witness. It is possible for honest people to witness the same event and see or hear things differently. You should evaluate inconsistencies and contradictions and determine whether they are important or unimportant. You need not believe any witness even though the testimony is un-contradicted. Nor are you required to accept testimony as true simply because some or even all of the witnesses agree with each other. You may find the testimony of one witness or of a few witnesses more persuasive than the testimony of a larger number.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Banks*

Jean Banks. Deputy Clerk
10/26/2021

2

These principles apply to all witnesses, whether they are ordinary citizens, police officers, experts or otherwise.

In short, you should consider the testimony of each witness and give it the weight you think it deserves."

WHEREFORE, the State requests that this Honorable Court:

A.    Modify its Draft Jury Instructions for the inclusion of this proposed instruction; and

B.    Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

December 5, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

**CERTIFICATE OF SERVICE**

I, Thomas Palermo, certify that a copy of this Motion was electronically served on December 5, 2019, to the Defendant, George Dore, at mssjgd@gmail.com.

December 5, 2019

Thomas Palermo

3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021

Filed
File Date: 12/17/2019 9:28 AM
Carroll Superior Cour
E-Filed Documen

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                      SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

**STATE'S MOTION TO RECONSIDER DISMISSAL**

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court

reconsider its order dismissing this matter at the close of the State's case during the jury trial on

December 10, 2019. The State asserts the following in support thereof:

1.    This matter is a misdemeanor appeal for a de novo jury trial from the Ossipee District

      Court. The Defendant, George Dore, is charged with one count of Disobeying an Officer,

      in violation of RSA 265:4, I(e). Jury selection was on December 9, and the trial began on

      December 10.

2.    At the midpoint of that jury trial, the Defendant made two motions. The first motion, a

      standard half-time motion to dismiss claiming that no reasonable factfinder could

      conclude from the presented evidence that the Defendant was guilty beyond a reasonable

      doubt, was summarily denied by this Court without hearing argument from the State.

      However, the second motion requested that the matter be dismissed because the original

      District Court complaint was defective – specifically, that it did not include the word

      "knowingly" to indicate the mental state of Disobeying an Officer. The Court found that

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·
Jean Banks        10/26/2021        1
Jean Banks. Deputy Clerk

the District Court complaint was defective and immediately dismissed the matter without prejudice, terminating the trial and releasing the jurors.

3.     This Court should not have granted the Defendant's motion to dismiss because by waiting until a jury was empaneled and the State had presented its case-in-chief to object to a defect in the complaint, the Defendant waived any objection to the defect.

4.     The State will also refer to "the Defendant" and "Attorney Loring" as two separate persons in some parts of this Motion to refer to instances after Attorney Loring had withdrawn as counsel of record for George Dore.

## THE DEFENDANT WAIVED OBJECTION TO A DEFECTIVE COMPLAINT

5.     This matter has been pending in the Superior Court since June, six months ago.

6.     While arguing this motion on December 10, Attorney Loring indicated that if the State reviewed the district court transcript, it would demonstrate that he there made the same motion to dismiss based on a defective complaint. The Defendant and Attorney Loring have therefore been aware of the defect in the complaint for at least the six months that this appeal has been pending, yet chose not to raise it until halfway through the jury trial, after the State had already presented its case-in-chief.

7.     "[A] defective indictment does not deprive a trial court of its power to adjudicate a case. While a defect may be error – or even constitutional error, the defect does not divest a trial court of the power to try the case." *State v. Ortiz*, 162 N.H. 585, 589-90 (2011) (quotations omitted).

8.     The New Hampshire Supreme Court, along with numerous other state and federal courts, have found that "challenges to [a] defective indictment must be raised before trial or are deemed waived." *Id.* at 590. "[F]ailing to object to [a] defect in indictment before trial

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Banks* 10/26/2021

Jean Banks. Deputy Clerk

ordinarily waives any argument pertaining to defect." *Id.* See also *U.S. v. Ramirez*, 324 F.3d 1225, 1227-28 (2003) (defendants made "a challenge based upon the sufficiency of the indictment that should have been raised before trial... failure to challenge the technical sufficiency of the indictment prior to trial constitutes a waiver of that challenge.").

9. "The purpose of the rule [waiving untimely objections to defects in indictments] is to compel defendants to object to technical defects in the indictment early enough to allow the trial court to focus on their pretrial objections and, of course, to permit the prosecution to accommodate meritorious challenges, and to do so without disrupting an ongoing trial." *State v. Wilson*, 169 N.H. 755, 779 (2017) (quotations omitted).

10. The ramifications of this dismissal are precisely the reason why a defendant's objections to a defective complaint are waived if they are untimely. Defendants have no tactical reason to object to a defective complaint in advance of trial if they can still successfully do so at any time after the Final Pretrial Conference, or even move to dismiss based on the objection during trial. If the objection is made ahead of time, the result is simply an amended complaint with little or no delay in the ultimate proceedings; if the objection is made during trial, the result is complete termination of the trial and significant delay in a final resolution to the matter. In the process, the Defendant is also treated to a full view of the State's case-in-chief, and gets to test the metaphorical waters by seeing how a jury reacts to the case and to himself.

11. The United States Court of Appeals for the District of Columbia refers to 1992 F.R.C.R.P. Rule 12(b)(2), which required defenses and objections based on defects in the

3

'HE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021

indictment to be raised before trial, when it made the following argument in *U.S. v. Harris*:

> **If Rule 12(b)(2) time limits are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses, and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult.**

*U.S. v. Harris*, 959 F.2d 246, 250 (1992).

12. The State would have some level of understanding for the Defendant's argument if the circumstances had been that the Defendant or Attorney Loring had made an honest mistake and only just noticed the defective complaint, for example, during the break that followed the State's first witness. But that was not the case here, and neither the Defendant nor Attorney Loring even pretended that this was the case – as indicated by Attorney Loring's statement that he had made the same objection during the District Court bench trial. The Defendant's motion to dismiss was obviously calculated and deliberately planned so that it acted as a "Plan B" to disrupt the trial if and when he wished to disrupt it. The Defendant and Attorney Loring were clearly aware of the defect in the indictment for the entire duration of the appeal, and specifically waited to object to it during the trial for this exact purpose. This is why defendants are required to make

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

4

such objections prior to trial, and this is why the Defendant's objection should have been deemed waived when he decided to sit on it until halfway through the trial.

## THE NATURE OF TRIAL DE NOVO FURTHER ILLUSTRATES THE UNTIMELINESS OF THE DEFENDANT'S MOTION

13.    After the Defendant was convicted of this charge at a bench trial in the Ossipee District Court, he requested a jury trial de novo in this Court.

14.    "[W]hen a defendant is charged with and convicted of a class A misdemeanor in circuit court, he or she may elect to… appeal to the superior court for a de novo jury trial." *State v. Whitney*, 172 N.H. 380, 382 (2019).

15.    "The trial de novo represents a completely fresh determination of guilt or innocence. It is not an appeal on the record. As far as we know, the record from the lower court is not before the superior court and is irrelevant to its proceedings." *State v. Koski*, 120 N.H. 112, 116 (1980) (quotations omitted).

16.    Attorney Loring's suggestion that his objection to the defective complaint was timely because he raised the issue in District Court, even if he failed to notify this office or this Court prior to the trial in any way, is incorrect. An appeal and trial de novo represents a clean slate for the record – any issues raised in the District Court are wiped away for a fresh start in the Superior Court. If Attorney Loring wanted to put on the record that the complaint was defective, he should have done so long before trial; he is not relieved of the responsibility of doing so because he raised the issue in the lower court prior to the appeal.

17.    It is also ridiculous for the Defendant to disrupt his own jury trial based on this objection. The State did not request or force this jury trial; it was entirely the product of the

5

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

Defendant's demand for one.  He wanted a jury trial because he believed that a jury of his peers would grant him a more satisfactory verdict than a judge did.  The only possible reason why the Defendant would request a jury trial and then disrupt that trial based on an objection to a defective District Court complaint is because he was not pleased with the way the trial was going, and he did not believe, contrary to his original expectations, that he was going to receive a favorable verdict.

## CONCLUSION

18.     The Defendant waived any objection he had to a defective complaint in this matter when, despite the fact that he has been aware of it since the matter was in District Court, he failed to raise the issue until a jury had been empaneled and the State had presented its case.  Attorney Loring's suggestion to the contrary – that he had complied with any time limits or notified the State of the defect by raising the objection during trial in the lower court – is wrong because the nature of trial de novo means that the record is entirely wiped clean when the appeal is transferred from District to Superior Court.  And the fact that the Defendant moved to dismiss the jury trial he requested, knowing full well that the dismissal would be without prejudice and would merely result in the termination of the current trial and a delay in the final resolution of the matter, further indicates the gamesmanship behind this objection.

19.     The State requests that this Court reverse its decision on the motion to dismiss. The State would then request that this Court declare a mistrial, because the jury has already been dismissed and the jurors permitted to discuss the matter amongst themselves and with others.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

6

WHEREFORE, the State requests that this Honorable Court:

A.     Reconsider its granting of the Defendant's motion to dismiss; and

B.     Declare a mistrial in the jury trial that was terminated by the granting of that motion; and

C.     Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

December 17, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Motion was electronically served on
December 17, 2019, to George Dore, Defendant in this matter, at mssjgd@gmail.com, and was
simultaneously forwarded to James Loring, standby counsel for the Defendant.

December 17, 2019

Thomas Palermo

7

'HE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**
**Superior Court**
**Docket No: 212-2019-CR-00123**

State of New Hampshire

v.

George Dore

## DEFENDANT'S OBJECTION TO THE STATE'S MOTION TO RECONSIDER DISMISSAL

NOW COMES the Defendant, George Dore, by and through his counsel, James P. Loring, Esq., and by way of Objection to the State's Motion to Reconsider Dismissal states as follows:

1. The State of New Hampshire's Motion to Reconsider constitutes an objection pursuant to Rule 15, Pretrial Motions, of the New Hampshire Rules of Criminal Procedure.

2. The State of New Hampshire did not raise this objection at the time the Defendant moved to dismiss the complaint on the basis that the complaint lacked a mens rea and as such was constitutionally deficient. To raise, preserve and reconsider the argument the State would have been required to put forth a contemporaneous objection at the time the Defendant presented his Motion to Dismiss. See generally **State v. Skidmore**, 138 N.H. 201, 202-203, 636 A.2d 64, 66 (1993); see also **State v. Davis**, 143 N.H. 8, 13, 718 A.2d 1202, 120

WHEREFORE, the Defendant respectfully requests that this Honorable Court

a) Deny the State's Motion to Reconsider;

b) And for such other and further relief as this Court deems just.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks 10/26/2021
Jean Banks, Deputy Clerk

CSC-DEC26'19PM 1:11

29

Dated: December 23, 2019

Respectfully submitted,
George Dore

By stand-by counsel,

By: _____
James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served the State of New Hampshire by depositing a true copy of the within Motion in the U.S. Mails, postage prepaid, addressed as follows:

Carroll County Attorney's Office
Administration Building
95 Water Village Road
P.O. Box 1522
Ossipee, N.H. 03864-0152

Dated: December 23, 2019

_____
James P. Loring
Bar # 1507

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

_____
Jean Banks, Deputy Clerk
10/24/2021

2

Clerk's Notice of Decision
Document Sent to Parties
on 02/24/2020

# Notice to Vacate

George-Lawrence: Dore                    # 212-2019-CR-00 2

Clerk of court      Notice of hearing

Abigail Albee

You are trying to make my legal fictitious name GEORGE DORE (all capital name), strawman nom de guerre to appear in your court. My lawful name is George-Lawrence: Dore. My Christian name George Lawrence. Family name Dore. I am rebutting your false presumptions that I am this legal name, strawman, or legal fictitious entity you claim. In United States government printing office style manual, writes all upper case text letters means a CORPORATION. I am not a corporation. I am a living, breathing, carbon man. You are using Color of Law against IraJ man. Under Title 18 USC 242, you are depriving me of my natural laws, my free will, and I do not consent to your intimidation, threats, and Coercion. Under Title 18 USC 1985 I did nothing wrong. You are putting me under duress.

i say here and will verify in open court that all herein be true.

These are my wishes.                    CSC-FEB24'20AM18:88

                                        2/21/20

Amy Ignatius                    Jill Y. Williams

Honorable Amy L. Ignatius

The court is not vacating any order as a result of this Notice. The hearing will be rescheduled, as requested by standby counsel for Mr. Dore and assented to by the prosecutor.   February 24, 2020

THE STATE OF NEW HAMPSHIRE

Carroll County Superior Court

A TRUE COPY ATTEST

Jean Banks, Deputy Clerk   10/04/2021

30

# THE STATE OF NEW HAMPSHIRE

**Carroll SS**

**Superior Court**
**212-2019-CR-00123**

State of New Hampshire

v.

George Dore

## ASSENTED-TO MOTION TO CONTINUE

NOW COMES the Defendant, George Dore, by and through his counsel, James P. Loring, Esquire, and respectfully requests that this Honorable Court continue the Motion Hearing scheduled in the above-captioned matter from February 26, 2020, to a later date.

In support thereof, the Defendant states as follows:

1. Stand-By counsel for the Defendant has been previously scheduled to appear at the Kennebec District Court, located in Augusta, Maine, on February 25, 2020, for hearing in the matter of the State of Maine v. James R. Lawrence, Docket # KENDC-CR-19-1347. The hearing is scheduled to begin at 10:00 am. (See Notice attached herein).

2. The State of New Hampshire assents to this Motion.

3. George Dore assents to this Motion.

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

A. Continue the above-captioned Motion Hearing from February 25, 2020, to a later date, and;

B. For such other and further relief as this Court deems just.

CSC-FEB21'28am10:32

Granted

Amy Ignatius

Honorable Amy L. Ignatius
February 24, 2020

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks 10/21/2021

Jean Banks, Deputy Clerk

31

Dated: February 20, 2020

Respectfully submitted,
George Dore

By stand-by Counsel,

James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, NH  03802-1515
(603) 430-9322
Bar # 1507

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served the State of New Hampshire by mailing a true copy to the Officed of the Carroll County Attorney

Dated: January 24, 2020

James P. Loring, Esq.
Bar # 1507

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk                    10/26/202

2

# STATE OF MAINE

CRIMINAL DOCKET
KENNEBEC

Docket No. KENCD-CR-2019-01347

## NOTICE OF HEARING

STATE OF MAINE

v.

JAMES R LAWRENCE

To:  JAMES LORING
JAMES P LORING LAW OFFICE
PO BOX 1515
240 ISLINGTON STREET
PORTSMOUTH NH 03801-1515

OFFENSE(S):          001 OUI (ALCOHOL)

This is to notify you that a HEARING has been set for MOTION TO SUPPRESS on 02/25/2020 at 10:00 a.m. in Room #1 at the :

KENNEBEC CRIMINAL DOCKET
1 COURT STREET
SUITE 101
AUGUSTA, ME 04330

If you have any questions you may call:

TTY

(207) 213-2800
(711) -

YOUR PRESENCE IS REQUIRED ON THIS DATE AND TIME.

NOTICE GIVEN ( ) IN HAND
( ) BY MAIL

Date: 01/23/2020

Clerk of Courts

Attention Defendant:
Failure to appear at the above date and time may result in a default being entered, bail being forfeited, and the issuance of an arrest warrant.

c: File:

D.A.:          MAEGHAN L MALONEY

Officer:          JACOB RODDY    Dept: MSP

CR-070, Rev 02/1999                    Page 1 of 1

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

Filed
File Date: 8/24/2020 8:41 AM
Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S REQUEST FOR COURT ORDER ON MOTION HEARING

The State of New Hampshire, by its counsel, Thomas Palermo, respectfully requests that this Court issue an Order on the State's Motion to Reconsider at its earliest convenience. The State asserts the following in support thereof:

1. The Defendant, George Dore, herein appeals his conviction from a District Court trial on one charge of Disobeying an Officer and one charge of Resisting Arrest (the latter charge having been remanded by the Court).

2. This matter proceeded to jury selection on December 9, 2019, and jury trial on December 10. However, the Court dismissed the matter at the close of the State's case on a motion by defense counsel due to the original District Court complaint lacking a mens rea.

3. The State objected to this motion at the time and on December 17 filed a Motion to Reconsider, requesting that the Court declare a mistrial rather than dismissing the matter.

4. The State's Motion was scheduled for a hearing; however, the hearing was continued several times and was finally held telephonically on May 19, 2020.

5. As of this writing, the Court has not issued an Order from that hearing.

1

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

33

6.  The State wholly respects the Court's authority, but has become increasingly concerned that this matter has remained "in limbo" with no resolution. The State feels that it must do everything it can to follow through with the charge to a final resolution.

7.  The State therefore respectfully requests that this Court issue an Order on the State's Motion, so that the State may proceed with this charge whatever way is appropriate.

WHEREFORE, the State requests that this Honorable Court:

A.  Issue an Order on the State's Motion to Reconsider; and

B.  Grant such other relief as the Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

August 24, 2020

*Thomas Palermo*

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
Box 2, 95 Water Village Road
Ossipee, NH 03864
(603) 539-7769

**CERTIFICATE OF SERVICE**

I, Thomas Palermo, certify that a copy of this Motion was forwarded to James Loring, standby counsel for the Defendant in this matter, on August 24, 2020.

August 24, 2020

*Thomas Palermo*

Thomas Palermo

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

## THE STATE OF NEW HAMPSHIRE

**CARROLL, SS.**

**SUPERIOR COURT**

State of New Hampshire

v.

George Dore

212-2019-CR-123

### ORDER

The defendant, George Dore, was convicted in the 3rd circuit court – Ossipee division, on May 2, 2019, on charges of disobeying a police officer and resisting arrest. The defendant appealed both convictions. On appeal, the superior court found the resisting arrest charge to be a class B misdemeanor and the case was remanded to the circuit court. See Order dated August 28, 2019.

The disobeying an officer charge, a class A misdemeanor, went to jury selection on November 19, 2019. The jury was empaneled and sworn and trial began on November 22, 2019. After direct and cross examination of the arresting officer, the witness was excused and not held subject to recall. With that, the State rested its case. The defendant then moved to dismiss the charge for failure of the complaint to allege a mental state. The court granted the motion, over the State's objection, and the jury was discharged.

On December 17, 2019, the State moved for reconsideration of the court's ruling, arguing the defect was a technical one that should not have resulted in dismissal, the defendant was not prejudiced as he was fully aware of the elements of the crime, and

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks. Deputy Clerk
10/26/2021

34

he should not be allowed to "lie in wait" and then raise the defect only after the State had rested its case.

The defendant objected, arguing the court's ruling was proper, jeopardy had attached and the defendant cannot be retried for the same crime. Further, defense counsel asserted the issue had been raised in the circuit court in a different context and, for reasons unknown, the county attorney's office did not move to amend the complaint or file a new complaint prior to the superior court trial. He argued the defendant is under no obligation to further identify the infirmities of the State's case.

After a series of scheduling complications, the court conducted a hearing on the motion for reconsideration on May 19, 2020. Upon consideration, the Court GRANTS the motion for reconsideration.

Although in the circuit court the State had argued no mens rea was required for this crime, the State now concedes that mens rea is an element of the charge of disobeying a police officer. The State Constitution provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him." N.H. CONST. pt. I, art. 15. "To meet this constitutional standard, an indictment must inform a defendant of the offense with which he is charged with sufficient specificity to enable him to prepare for trial and at the same time protect him from being put in jeopardy a second time for the same offense." State v. Bisbee, 165 N.H. 61, 64 (2013), (quoting State v. Marshall, 162 N.H. 657, 661 (2011)). "It is not enough merely to state the crime with which defendant is being charged; the indictment must include the elements of the offense with sufficient allegations to identify the offense in fact." Id.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

State v. Dore / 212-2019-CR-123

2

"[A]n element need not be stated in precise statutory language, if the indictment as a whole may fairly be understood to charge it. The question is not whether the indictment could have been more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn a defendant of the specific charges against him. An indictment that fails to allege all of the elements of the offense cannot provide sufficient notice." State v. Cheney, 165 N.H. 677, 679 (2013) (quotations and citations omitted).

The need for all elements to be stated, and to give notice to a defendant is undisputed by all parties. Given that the deficiency had been identified in the circuit court, albeit involving a different prosecutor within the County Attorney's office, the court found the absence of a mental state to be a flaw justifying dismissal. On reconsideration, the court finds that ruling was in error, grants reconsideration, and orders a new trial on the charge of disobeying a police officer.

While the defendant is correct that he is not obligated to identify flaws in the State's case, he refrains from doing so at his peril, under State v. Ortiz, 162 N.H. 583 (2011). Ortiz found a motion challenging the sufficiency of an indictment "in the middle of trial, after the State rested its case, was untimely." Id. at 590. The New Hampshire Supreme Court relied on federal case law that adopted the general rule that challenges to an indictment are waived unless brought pre-trial. See id. (citing United States v. Ramirez, 324 F.3d 1225, 1227 (11th Cir. 2003)); quoting United States v. Lnu, 554 F.3d 361, 369 (1st Cir. 2008)). Thus, "[a] defendant must bring challenges to the sufficiency of the charging document before trial." State v. Pinault, 168 N.H. 28, 33 (2015). This

State v. Dore / 212-2019-CR-123
3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

includes defects that appear on the face of the charging document itself. State v. Wilson, 169 N.H. 755, 779 (2017).

Of course it would have been preferable if the State had moved before trial or even after it rested to amend the complaint. A request to reopen the evidence and amend the complaint even after it had rested would have been permissible. See State v. Crocker, 116 N.H. 324, 325 (1976). It would also have been preferable if the State had entered a nolle prosequi on the original complaint and filed a new complaint before trial. The State took none of those steps. Nevertheless, the court erred when it dismissed the case.

As the State notes, the defendant could not identify any prejudice associated with the deficiency. He did not argue he was unprepared to respond to the element of his mental state. The flaw in the complaint was fully known to the defendant and he chose not to raise the matter prior to trial in the superior court. By making that choice, the defendant waived objection to the flawed complaint.

The defendant argues that a new trial is constitutionally impermissible because jeopardy had attached. The court disagrees. Again, as a starting point, Ortiz clearly establishes that a motion to dismiss a charging document for failure to allege all of the elements is untimely if the defendant first raises the issue after the State has rested its case. Clear too is that jeopardy attached at the start of the case, but "the conclusion that jeopardy has attached begins, rather than ends, the inquiry." United States v. Pacheco, 434 F.3d 106, 112 (1st Cir.), cert. denied, 547 U.S. 1149 (2006). "Thus, we must take a further step and ask whether the trial court terminated jeopardy in a way that prevents reprosecution." Id.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

_Jean Banks_
Jean Banks, Deputy Clerk
10/26/2021

State v. Dore / 212-2019-CR-123
4

In 2007 the New Hampshire Supreme Court considered a similar situation in which the trial court dismissed a charge after the State rested, on the grounds that the charging document was deficient in failing to identify venue. The defendant argued retrial was barred on Double Jeopardy grounds. The court found it was not. Petition of State of New Hampshire (State v. Johanson, 156 N.H. 148, 158 (2007). The court reversed and remanded the Johanson case for new trial, finding the dismissal was not a ruling on the facts presented at trial or a finding of insufficiency of the evidence. Thus, double jeopardy considerations did not bar retrial.

Retrial in this case is appropriate as well. Although the court erred in its ruling, the decision to dismiss was not based on a factual finding regarding the evidence presented. There was no ruling that the State failed to submit persuasive evidence on the defendant's mental state, merely that the charging document failed to include the term "knowing."

The motion to reconsider is GRANTED. A new trial on the charge of disobeying an officer will be scheduled, as COVID-19 restrictions permit.

So Ordered.

September 30, 2020

Amy L. Ignatius
Presiding Justice

State v. Dore / 212-2019-CR-123
5

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021

Filed
File Date: 10/5/2020 2:58 PM
Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                              SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S MOTION TO AMEND COMPLAINT

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court

grant the State leave to amend the complaint against the Defendant in this matter. The State

asserts the following in support thereof:

1.    The Defendant, George Dore, is charged with one count of Disobeying an Officer, a

      Class A Misdemeanor. The Charge ID is 1534007C.

2.    The complaint, originally written and submitted in the District Court, does not have a

      mens rea included. The proper mens rea for a complaint of Disobeying an Officer under

      RSA 265:4, I(e) is "knowingly."

3.    The State therefore requests leave to amend the complaint to include a mens rea.

      WHEREFORE, the State requests that this Honorable Court:

A.    Permit the State to amend the complaint; and

B.    Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

Granted

*Amy Ignatius*

Honorable Amy L. Ignatius
October 19, 2020

Clerk's Notice of Decision
Document Sent to Parties
on  10/20/2020

1

35

By its counsel,

October 5, 2020

*Thomas Palermo*

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
Box 2, 95 Water Village Road
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Motion was forwarded to James Loring,

standby counsel for the Defendant in this matter, on October 5, 2020.

October 5, 2020

*Thomas Palermo*

Thomas Palermo

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*

Jean Banks, Deputy Clerk
10/21/2021

**Filed**
File Date: 10/21/2020 8:44 AM
Carroll Superior Court
E-Filed Document

# The State of New Hampshire
## SUPERIOR COURT COMPLAINT

**Case Number:**     212-2019-CR-00123          **Charge ID:** 1534007C

| ☐ VIOLATION | **MISDEMEANOR** | ☒ **CLASS A** ☐ CLASS B ☐ UNCLASSIFIED (non person) |
|---|---|---|
| | FELONY | ☐ CLASS A    ☐ CLASS B    ☐ SPECIAL    ☐ UNCLASSIFIED (non person) |

You are to appear at the:  **Carroll County Superior Court**
address:  **93 Water Village Road, 3rd Floor**
in:  **Ossipee, NH 03864**
at:
on:

Under penalty of law to answer to a complaint charging you with the following offense:

### THE UNDERSIGNED COMPLAINS THAT:

| **DORE** | | **GEORGE** | | **L.** | |
|---|---|---|---|---|---|
| Last Name | | First Name | | Middle Name | |

| **26 IRAS LANE** | | | **OSSIPEE** | **NH** | **03864** |
|---|---|---|---|---|---|
| Address | | | City | State | Zip |

| **M** | **W** | **6'02** | **215** | **BRO** | **GRY** |
|---|---|---|---|---|---|
| Sex | Race | Height | Weight | Eye Color | Hair Color |

| **08/11/1967** | | **08DEG67111** | | **NH** | |
|---|---|---|---|---|---|
| DOB | | License #: | | OP License State: | |

☐ COMM. VEH.        ☐ COMM. DR. LIC.        ☐ HAZ. MAT.        ☐ 16+ PASSENGER

AT: **Route 16B, Ossipee, New Hampshire,**
on or about the **16th** day of **August, 2018,**
in the above county and state, did commit the offense of:
RSA Name: **Disobeying an Officer**
Contrary to RSA: **265:4, I(e)**
Inchoate: _____
(Sentence Enhancer): _____
And the laws of New Hampshire for which the defendant should be held to answer, in that:

1. **George Dore;**
2. **While driving or in charge of a vehicle;**
3. **Knowingly;**
4. **Refused, on demand of a law enforcement officer, to produce his license to drive the vehicle or his certificate of registration;**
5. **To wit, George Dore was driving a pick-up truck and refused to give his driver's license to Trooper Hawley Rae after she pulled him over for a traffic stop.**

against the peace and dignity of the State.
☐ Additional allegations are attached.

Date: October 20, 2020

*Thomas Palermo*                    Thomas D. Palermo, Esq. #271593          Carroll County Attorney's Office
Prosecutor's Signature              NH Bar ID# and Printed Name              Prosecuting Attorney's Office
Assistant County Attorney

NHJB-2486-S  (12/01/16)

*37*

# Notice to Court
## Executive letter of My ESTATE

i: george: dore of lawful age, currently living on
26 Ira's Lane, West Ossipee, NH.

i: the living flesh and blood, carbon man george: dore
i: george: dore am the EXECUTOR and BENEFICIARY
over my body, mind, and soul. i say this with a
clean mind and clean hands, good faith, good
conscience for good reason. I am a good and honest
man. Is the court seeking to act as EXECUTOR
De Son Tort? STOP IT IMMEDIATLY!

Galatians 5:22- But the fruit of the spirit is
love, joy, peace, patience, kindness, goodness,
faithfulness, gentleness, and self control. Against
such things there is no law.

i the living flesh and blood man george: dore is the
EXECUTOR of the all uppercase name GEORGE DORE.
ENOUGH SAID, send to me the document that you
have that states you have the authority to
administer the ESTATE without my consent.
From the EXECUTIVES OFFICE
GEORGE DORE, ESTATE
Thank you,

Date 2-8-21

Witness: _____ Leggere   2-8-21
Witness: Shyla Morgan   2-8-21
Witness: Jerrod anne   2-8-21

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
Jean Banks, Deputy Clerk
10/24/2021

Clerk's Notice of Decision
Document Sent to Parties
on   03/01/2021

Honorable Amy L. Ignatius
February 28, 2021

This complaint has been filed under court rules, citing violation of state law.
The court has jurisdiction over these matters, as the defendant appealed his
misdemeanor conviction to the Superior Court.

39



George Dare
Austins Lane
Center Ossipee, NH
03814

CERTIFIED MAIL

7020 0640 0000 0831 2063

RETURN RECEIPT
REQUESTED

1st NOTICE
2nd NOTICE
RETURNED

0386487205 R001

Carroll Superior Court
96 Water Village Rd., B of 3
Ossipee, NH 03864

$6.45

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST

Jean Banks, Deputy Clerk
10/24/2021

# THE STATE OF NEW HAMPSHIRE

**CARROLL, SS.**                                                            **SUPERIOR COURT**

State of New Hampshire

v.

George Dore

212-2019-CR-123

## ORDER ON STATUS HEARING

Counsel appeared for a status hearing on March 1, 2021 on a charge of disobeying a police officer. The case should be scheduled for retrial. In this case the defendant has standby counsel.

The clerk will notify the parties of dates for jury selection and trial.

So Ordered.

March 3, 2021

_____
Amy L. Ignatius, Presiding Justice

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

1

Filed
File Date: 3/17/2021 2:25 PM
Carroll Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**                          **Superior Court**
                                        **Docket No: 212-2019-CR-00123**

State of New Hampshire

v.

George Dore

Clerk's Notice of Decision
Document Sent to Parties
on  03/18/2021

Granted

*Amy Ignatius*

Honorable Amy L. Ignatius
March 17, 2021

## MOTION TO EXCUSE THE PRESENCE
## OF STANDBY COUNSEL AT THE
## FINAL PRETRIAL
## SCHEDULED FOR MARCH 18, 2021

NOW COMES James P. Loring, Esq., standby counsel for George Dore in the above-captioned matter, and respectfully requests that this Honorable Court excuse his presence at the Final Pretrial scheduled for March 18, 2021.

In support thereof counsel states as follows:

1.  That standby counsel is also counsel for Louis Pelligrino, the Respondent in a marital/custody action pending at the 7th Circuit-Family Division-Dover and identified as Case # 632-2010-DM-00325. This matter is scheduled for a full day hearing on March 18, 2021.

2.  Counsel did not ask to be excused from the Dore matter prior to now in that it was counsel's expectation that the Pelligrino matter would resolve. On today's date counsel learned that the case would not resolve.

3.  Counsel attempted to contact George Dore in regard to this Motion and the relief requested herein. Unfortunately, Mr. Dore was not available. As such, counsel has no knowledge as to whether the Defendant will assent or object to the instant Motion.

4.  Counsel did contact the Office of the Carroll County Attorney in regard to this Motion and the relief requested herein. Unfortunately, Attorney Palermo was working off site. As such, counsel has no knowledge as to whether the State will assent or object to the instant Motion.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks* 10/26/2021
Jean Banks, Deputy Clerk

WHEREFORE, above-captioned matter, and respectfully requests that this Honorable Court excuse his presence at the Final Pretrial scheduled for March 18, 2021, and for such other and further relief as this Court deems just.

Dated: March 16, 2021

Respectfully submitted,
George Dore

By his counsel,

By:_____

James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served all parties to the instant matter by filing the Pleading in the Court's electronic filing system.

Dated: March 16, 2021

_____

James P. Loring
Bar # 1507

STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks  10/26/2021

Jean Banks, Deputy Clerk

2

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Carroll County

Carroll Superior Court

## State v. George L Dore

### 212-2019-CR-00123

### ORDER ON FINAL PRETRIAL CONFERENCE

The defendant, George L. Dore, appeared for the final pretrial conference, representing himself. His standby counsel requested and was granted leave not to be present for the hearing. The State appeared through the assistant county attorney prosecuting this case, which involves a single charge of disobeying a police officer.

The case is scheduled for jury selection on April 5, 2021. Under current COVID-19 protocols, jury selection will be as follows:

April 5, parties and counsel participate via Webex, going through jury questionnaires
April 6, parties and counsel participate in person at the Superior Court, speaking with individual jurors who will be scheduled to join the WebEx session at their particular time.
April 7, parties and counsel participate in person at the Superior Court, speaking with individual jurors who will be scheduled to arrive at the courthouse at a particular time.
April 8, will be a continuation of April 7 if necessary

The trial date will be scheduled by the clerk for the week of April 19, 2021. The prosecutor, Mr. Dore, and standby counsel must be present for all days of jury selection, unless counsel has been excused.

At the final pretrial conference, Mr. Dore refused to stop arguing with the judge and would not allow the court to move to its next case. Despite the judge's efforts to explain the status of the case and the scheduled jury selection date, Mr. Dore argued the same points already addressed, in an increasingly insistent and agitated tone. In order to manage the rest of the docket that was being held up, the court felt it had no choice but to disconnect Mr. Dore from the WebEx connection.

The prosecutor and Mr. Dore were directed to submit witness lists and supplemental questions they would like the court to send to prospective jurors by close of business March 18, 2021. The court will evaluate the proposed questions and include those it considers relevant and appropriate.

So Ordered.

| | |
|---|---|
| March 19, 2021 | |
| Date | Judge Amy L. Ignatius |

NHJB-3054-Se (08/06/2019)

A TRUE COPY ATTEST
Carroll County Superior Court

Jean Banks, Deputy Clerk
10/26/2021

43

USEH 212-2014-CR-00123                    Received   03-15-19  6 pages

                                    Lt. Grey Ai/Aimct
                                    Marle

County of  Carroll          7 pages
OFFICE OF THE CLERIC
    Ossipee  , **New Hampshire**

# COMMON LAW VEHICULAR JUDICIAL NOTICE



CSC-MAR26'21AM10:46

## CONSTITUTIONAL DRIVERS LICENSE
THE UNDERSIGNED Common Law Citizen
George-L - Dore ,U.C.C 1-207 1-308 w/o prejudice here by
Certifies, by Rights Secured under provisions of the
Constitution of the United States of America, the
Constitution of the several states, Common Law, Nature and
Laws of Natures GOD, that these Rights are retained in FEE
SIMPLE ABSOLUTE, and held and protected with special
regard to Rights designated and/or set forth as follows: ALSO
NOTE Rights and Property are ONE AND THE SAME
THING-by the Honorable Justice LOUIS BRANDIS U.S.
SUPREME COURT.
## NOTICE AND ADVISORY OF RIGHTS CLAIMED
INVIOLATE:
**1)** The Right to TRAVEL FREELY, UNENCUMBERED, and
UNFETTERED is guaranteed as a RIGHT and not a mere
privilege. That the Right to TRAVEL is such a BASIC RIGHT it
does NOT even need to be mentioned for it is SELF-evident
by Common Sense that the Right to TRAVEL is a BASIC
CONCOMMITANT of a FREE Society to come and go from

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/24/2021

44

length and breath FREELY UNENCUMBERED and
UNFETTERED distinguishes the characteristic required for a
FREE PEOPLE TO EXIST IN FACT.

Please See SHAPIRO vs. THOMSON, 394 U. S. 618 .
Further, the Right to TRAVEL by private conveyance for
private purposes upon the Common way can NOT BE
INFRINGED.

No license or permission is required for TRAVEL when such
TRAVEL IS NOT for the purpose of [COMMERCIAL] PROFIT
OR GAIN on the open highways operating under license
INCOMMERCE.

The above named Common Law Citizen listed IS NOT
OPERATING IN COMMERCE and as such is thereby
EXEMPTED FROM THE REQUIREMENT OF A LICENSE AS
SUCH.

Further, the New Hampshire state, is FORBIDDEN BY LAW
from converting a BASIC RIGHT into a PRIVILEGE and
requiring a LICENSE and or a FEE CHARGED for the
exercise of the BASIC RIGHT.

Please SEE MURDOCK vs. PENNSYLVANIA, 319 U.S. 105,
and if New Hampshire, state does ERRONIOUSLY convert
BASIC RIGHTS into PRIVILEGES and require a License or
FEE a Citizen may IGNORE THE LICENSE OR FEE WITH
TOTAL IMMUNITY FOR SUCH EXERCISE OF A BASIC
RIGHT.

Please see Schuttlesworth vs. BIRMINGHAM, ALABAMA,
373 U.S. 262. Now if a Citizen exercises a BASIC RIGHT and
a Law of ANY state is to the contrary of such exercise of that
BASIC RIGHT, the

said supposed Law of ANY state is a FICTION OF LAW and
100% TOTALLY UNCONSTITUTIONAL and NO COURTS
ARE BOUND TO UPHOLD IT AND NO Citizen is REQUIRED

Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks. Deputy Clerk
10/26/2021

TO OBEY SUCH UNCONSTITUTIONAL LAW OR LICENSE REQUIREMENT.

Please see MARBURY vs. MADISON, 5 U.S. 137 (1803), which has never been overturned in over 194 years, see Shephard's Citations. Now further, if a Citizen relies in good faith on the advice of Counsel and or on the Decisions of the UNITED STATES SUPREME COURT that Citizen has a PERFECT DEFENSE to the element of WILLFULNESS and since the burden of proof of said WILLFULNESS is on the Prosecution to prove beyond a REASONABLE DOUBT, said task or burden being totally impossible to specifically preform there is NO CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED BY A COURT OF LAW.

Please see U.S. vs. Bishop 412 U.S. 346 . OBVIOUSLY THERE IS NO LAWFUL CHARGE AGAINST EXERCISING A BASIC Right to TRAVEL for a regular Common Law Citizen NOT IN COMMERCE on the common way Public Highway. THAT IS THE LAW!!! The above named Citizen IS IMMUNE FROM ANY CHARGE TO THE CONTRARY AND ANY PARTY MAKING SUCH CHARGE SHOULD BE DULY WARNED OF THE TORT OF TRESPASS!!! YOU ARE TRESPASSING ON THIS Common Law Citizen.

George-L-Dore

2)The original and Judicial jurisdiction of the United States Supreme Court is ALL actions in which a State may be party, the subdivision, political or trust.

This includes ALL state approved subdivisions and/or INCORPORATED Cities, Townships, Municipalities, and Villages, Et Al.

Please see Article 3, Section 2, Para. (1) and (2), U.S. Constitution.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

3)The undersigned has NEVER willingly and knowingly entered into ANY Contract or Contractual

agreement giving up ANY Constitutional Rights which are secured by the CONSTITUTION, the SUPREME LAW OF THE LAND.

This Common Law Citizen

_George — L - Dore_ has NOT harmed any party, has NOT threatened any party, and that includes has NOT threatened or caused any endangerment to the safety or well being of any party and would leave any claimant otherwise to their strictest proofs otherwise IN A COURT OF LAW.

_George - L - Dore_ Bill of rights.

The above named Citizen is merely exercising the BASIC RIGHT TO TRAVEL UNENCUMBERED and UNFETTERED on the Common public way or highway, which is their RIGHT TO SO DO!

Please see Zobel vs. Williams, 457 U.S. 55, held the RIGHT TO TRAVEL is Constitutionally PROTECTED!

4)Conversion of the direct conflict with any state, which are WITH STANDING IN LAW

ON THEIR FACE.

RIGHT TO TRAVEL into a PRIVILEGE and or CRIME is A FRAUD and is in clear and she

_George — L - Dore_ ,UNITED STATES CONSTITUTION, THE SUPREME LAW OF THE LAND. LAWS made by clearly in direct CONFLICT or REPUGNANCY are UNCONSTITUTIONAL and are NOT AND ARE BEING CHALLENGED AS SUCH HERE AND THEREBY ARE NULL AND VOID OF LAW NO COURTS ARE BOUND TO UPHOLD SUCH FICTIONS OF LAW AND NO Citizen is bound to obey such a FICTION OF LAW.

STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021