

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

3rd Circuit - District Division - Ossipee
96 Water Village Rd., Box 2
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

May 30, 2019

Abigail Albee
Belknap Superior Court
64 Court Street
Laconia, NH 03246

| | |
|---|---|
| Case Name: | **State v. George L Dore** |
| | DOB: August 11, 1967      PID: 6761017 |
| Case Number: | **464-2018-CR-01100**      Charge ID: 1534007C; 1534008C |

Dear Clerk:

Pursuant to the defendant's request for appeal, enclosed please find certified copies of the front and back of the complaint(s) and all pertinent pleadings in the above-entitled matter, along with the following additional information:

1. ☐ Bail was set in the amount of $_____
2. ☒ Bail was not posted
3. ☒ Bond is enclosed, in the following amount: $5,000 *PR*_____
4. ☐ Check to be sent by AOC for $_____
5. ☐ Notification of eligibility/liability
6. ☒ Appearance by James Peter Loring, ESQ_____
7. ☒ Orders Conditions of Bail
   ☐ Criminal Bail Protective Order
8. ☐ New address: _____
   Effective: _____

Elaine J. Lowe
Clerk of Court

Enclosures

C:     County Attorney's Office
      Rae, Hawley
      Defendant Attorney (if any): James Peter Loring, ESQ



DEC 1 2 2018

## THE STATE OF NEW HAMPSHIRE

Carroll, SS

3rd Circuit-District Division-Ossipee
464-2018-CR-0110

# APPEARANCE

State of New Hampshire

v.

George Dore

Returnable the first Tuesday of

_____ Court
(for Superior Court use only)

_____ Jury

Please enter my Appearance as counsel for:
**George Dore**

I, James P. Loring, Esq., hereby certify that I have this date served the State of New Hampshire by depositing a true copy of the within pleading in the U.S. Mails, postage prepaid, addressed as follows:

New Hampshire State Police – Troop E
Attn-Prosecution
P.O. Box 235
West Ossipee. N.H. 03890

Dated: December 9, 2018

James P. Loring, Esquire
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515
(603) 430-9322
Bar # 1507

A TRUE COPY
ATTEST: Elaine Q. Lowe

E18- 12046

**RECEIVED**

AUG 17 2018

USSIPEE
DISTRICT DIVISION

**THE STATE OF NEW HAMPSHIRE**
**JUDICIAL BRANCH**
http://www.courts.state.nh.us

Court Name: _3d Circuit - District Division - Ossipee_

Case Name: _State v George Dark_

Case Number:
(if known)

## NOTICE TO DEFENDANTS ELIGIBLE FOR BAIL

*FOR USE WHEN: A person is arrested for a new offense or as the result of an electronic bench warrant and is not released on a summons.*

You have been arrested for an offense which entitles you to a bail determination.

Pursuant to RSA 597:20 a bail commissioner, appointed by the court, can set bail in your case **unless you have been arrested on an electronic bench warrant and bail has been set by a judge**. In that instance, the bail commissioner will collect the bail set by the court or, if bail is set at personal recognizance, the bail commissioner will complete the bail paperwork so that you may be released. The law provides that bail commissioners are entitled to a fee of $40 for their services.

If you do not request the services of a bail commissioner, thereby avoiding the $40 fee, you will be arraigned before a judge within 24 hours of your arrest, Saturdays, Sundays, and holidays excluded.

If you are unable to pay the bail commissioner the fee now, the commissioner will still set bail and you will be given an opportunity to pay the fee later. Finally, if you are indigent, you may petition the court to waive the $40 fee.

[X] I have been arrested for a new offense for which bail may be set by a bail commissioner or on an electronic bench warrant which allows the bail commissioner to set the bail amount. I request the services of a bail commissioner.

[ ] I have been arrested for a new offense for which bail may be set by a bail commissioner or on an electronic bench warrant which allows the bail commissioner to set the bail amount. I agree to await a hearing before a judge within 24 hours of my arrest, Saturdays, Sundays, and holidays excluded.

[ ] I have been arrested on an electronic bench warrant for which a bail has already been set by a judge in the amount of $_____ cash or cash/surety. I understand that I will need the listed amount of bail to be released. If I cannot post the bail, I understand that I will be brought before a court within 24-hours (excluding weekends and holidays) for a hearing before a judge. If I can post said bail at any time prior to a hearing before a judge, I can request the services of a bail commissioner.

[ ] I have been arrested on an electronic bench warrant for which a bail has already been set by a judge in the amount of $_____ personal recognizance. I understand that I will be released upon completion of bail documents with the bail commissioner.

_8/16/18_
Date

[ ] Defendant refused to sign form.
_8/16/18_
Date

_____
Signature of Defendant

_Trooper  Hawley  Bar_
Print name of person who spoke with defendant

A TRUE COPY
ATTEST: _Elaine Q. Howe_

NHJB-2931-DS(12/17/2015)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

**RECEIVED**

AUG 17 2018

USSIPEE
DISTRICT DIVISION

Court Name: 3rd Circuit - District Division-Ossipee

Case Name: State v George Dorl

Case Number:
(if known)

## BAIL PRE-RELEASE QUESTIONNAIRE

**RESIDENCE AND FAMILY**

Name: George Dorl

Address: 26 Ibbys Lane W-Ossipee

Telephone: 539-6817   Date of Birth: 8-11-67   Age: 51

Time lived there: 20 yrs   Do you own or rent your home? ☐ rent ☑ own

List name(s) and relationship of person(s) living with you:

a. Jen Dorl   c. Skyle Dorl

b. _____   d. _____

Length of residence in New Hampshire: 51 years

If an out-of-state resident, list all property owned in New Hampshire:

**EMPLOYMENT/CURRENT SCHOOL**

Employer: Self   Address: 26 Ibbys Lane W-Ossipee

Check: ☐ Full Time ☐ Part Time ☐ Seasonal

How long have you worked at your present job? 11 yrs

Who was your previous employer? _____   How long were you employed? _____

Are you attending school? ☐ Yes ☑ No   If "Yes", where? _____

How many courses are you taking? _____

**PENDING CHARGES**

What offense(s) are you charged with committing?

**PREVIOUS CRIMINAL RECORD**

Have you ever been convicted of a criminal offense? ☑ Yes ☐ No

If "Yes" list any such offense(s)
Traffic Offenses

Are you currently released on bail on any other charges? (specify)
No

I, the undersigned, swear that the information which I have provided above is true, to the best of my knowledge.

Commissioner's initials ( Q )   8/16/18
Date

Signature of Defendant

BAIL SET AT 5,000PC   ☐ Defendant refused to comply with the conditions.

A TRUE COPY  ATTEST: Elaine A Dorl

NHJB-2934-DS (12/31/2015)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: *3d Circuit - District Division - Ossipee* **RECEIVED**

Case Name: State v. *George Dou*

Case Number: AUG 17 2018
(if known)

OSSIPEE
DISTRICT DIVISION

### DEFENDANT NOTIFICATION FORM

STATE V. *George Doa*
Name of Arrestee

1. You have been charged with a class A misdemeanor or felony and are entitled to apply for a court-appointed lawyer.

2. If you would like to apply for a court-appointed lawyer you must complete a financial affidavit. I am going to provide you with a financial affidavit. The financial affidavit may also be obtained online at http://www.courts.state.nh.us/forms/nhjb-2313-dfssup.pdf or you may get one, officially called a Financial Affidavit and Application for Court-Appointed Counsel, at any court location.

3. If you complete your financial affidavit now, I will forward it to the court for you. If you do not complete your financial affidavit now, you should send/bring your financial affidavit to the court as soon as possible and before your first court appearance if you want a lawyer with you for that appearance. If you do not complete your financial affidavit now and are going to remain in custody, you should ask jail personnel to send it to the court for you.

4. The court will determine if you qualify for a court-appointed lawyer based upon state guidelines.

5. If the court determines that you do NOT qualify for a court-appointed lawyer, you may "appeal" that decision by filing a written request with the court to reconsider the decision, explaining anything that you believe was misunderstood about your finances.

6. The court will not appoint a lawyer for you until it has received your financial affidavit. If you qualify for a court-appointed lawyer, one will be appointed within 24 hours.

7. If you have not heard from the court within three days of submitting your financial affidavit, excluding weekends, you may contact the court to find out what is happening with your request for a court-appointed lawyer.

8. If you are in custody, the court will appoint a lawyer for you even before it receives your financial affidavit. You must still complete the financial affidavit to continue to be eligible for a court-appointed lawyer.

I have read the above to *George Dou* (name of Arrestee) and have provided him/her with a copy.

_8/16/18_
Date

_____
Bail Commissioner

I acknowledge receipt of this notice.

_8/16/18_
Date

Signature of Arrestee

✗ FA Refused.

NHJB-2932-DS (12/31/2015)

A TRUE COPY
ATTEST: *Elaine C. Rowe*
Page 1 of 1

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: _3rd Circuit District Division- Ossipee_

Case Name: _State v George Dore_          Date of Birth: _8/11/67_

Case Number: _____   Agency Case Number: _____
(if known)

## ORDERS AND CONDITIONS OF BAIL

It is hereby ordered pending ☒ arraignment ☐ trial ☐ probable cause hearing ☐ appeal that the above defendant:

I.
A. ☒ Be released on $ _5,000_ personal recognizance and subject to conditions listed in Paragraph II and those conditions indicated in Paragraph III.

B. ☐ Be released on $ _____ cash/surety bond subject to conditions listed in Paragraph II and those conditions indicated in Paragraph III.

C. ☐ Be detained to permit revocation of conditional release.

D. ☐ Be detained for not more than 72 hours to allow for filing of a probation violation.

E. ☐ A hearing pursuant to RSA 597:2 III shall be conducted before the acceptance of bail.

**RECEIVED**

AUG 17 2018

OSSIPEE
DISTRICT DIVISION

II. Defendant's release is subject to the conditions that:
A. Defendant not commit a federal, state or local crime while on release.
B. Defendant appear at all court proceedings as ordered.
C. Defendant advise the court in writing of all changes of address within 24 hours.

III. The court hereby determines that defendant's release under Paragraph I(A):
☒ will not reasonably assure the appearance of defendant as required.
☒ will endanger the safety of the defendant or of another person or the community.

By reason of such determination, the court imposes the following additional conditions that defendant:

1. ☐ shall have no contact with _____ by mail, telephone or otherwise, and is further ordered not to interfere with this person at their residence, school, or place of employment and additionally is ordered to refrain from going within _____ feet of where that person(s) may be.
   ☐ shall live at: _____
   ☐ shall not travel outside of _____
   ☐ travel restrictions: _____

2. ☐ refrain from possessing a firearm, destructive device, dangerous weapon, or ammunition.
3. ☒ refrain from excessive use of alcohol, and use of a narcotic drug or controlled substance as defined in RSA 318-B.
4. ☐ comply with the following curfew: _____
5. ☐ is ordered not to drive until defendant's license or privilege is restored by the Director of Motor Vehicles.
6. ☐ report to arresting law enforcement agency or _____ as required.
7. ☐ remain in the custody of _____, a responsible adult residing at _____, N.H., who agrees to supervise the defendant and to report any violation of a release condition to the court. The court has found that the above named adult has reasonably assured the court that the defendant will appear as required and will not pose a danger to the safety of any person in the community.
8. ☐ Sign a waiver of extradition before release on bail.
9. ☐ Other: _____

IV. The defendant is hereby advised that in the event the defendant violated any of the above conditions of release, the defendant may:
A. Be subject to immediate arrest and detention.
B. Be subject to imprisonment for contempt of court.
C. Be subject to immediate revocation of release.
D. Be subject to additional imprisonment of 1 year if the defendant commits a misdemeanor while on release.
E. Be subject to additional imprisonment of 7 years if defendant commits a felony while on release.

**So Ordered:**

Date: _8/16/18_          ~~Justice~~ / Bail Commissioner: _Lisa Dole_

                         X Defendant: _____

I hereby acknowledge receipt of the above release and the penalties notification on page 2 of this form.

**A TRUE COPY**

ATTEST: _Elaine Q. _____ Surety_

C:

NHJB-2369-D (11/13)                    **COURT**

*Cairt*
*1-855-212-1234*

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: *3rd Circuit - District Division - Ossipee*    **RECEIVED**

Case Name: *State v George Dire*

Case Number: *464 - 2018 - CR - 1100*    AUG 17 2018

(if known)

**OSSIPEE DISTRICT DIVISION**

## BOND IN CRIMINAL CASE

Offense(s) Charged:

*Disobeying*    *Mis A*    Agency Case Number: *E18 - 12046*

*Resisting*    *Mis A*    Police Dept. *CC/Troc Trp E - Rae*

Date of Offense *8/16/18*

Received of _____    Amount $ _____

☐ **CASH BAIL / CORPORATE SURETY BAIL BOND** to secure defendant's compliance with the Conditions of Bail written below.

\*       \*       \*

☒ **PERSONAL RECOGNIZANCE** The defendant agrees s/he is indebted to the State of New Hampshire in the amount of $ *5,000* Personal Recognizance Bail to secure defendant's compliance with the Conditions of Bail written below.

## CONDITIONS OF BAIL

1. The defendant shall appear in this court to answer this charge at *8:00* ☒ AM ☐ PM on *October 4, 2018*

2. The defendant shall appear in any New Hampshire Court to answer this charge when notified to report to the court.

3. The defendant immediately shall notify any New Hampshire Court in which this case is pending of any change of address.

4. The defendant shall keep the peace and be of good behavior.

5. Other: *See orders and conditions of bail*

If the defendant complies with the Conditions of Bail, this obligation shall be null and void on final disposition of this charge.

If the defendant does not comply with any condition(s) Cash Bail shall be forfeited to the State and execution may issue against the defendant for Personal Recognizance and against the corporate surety or surety. In addition, the court may order the arrest of the defendant.

Date *8/16/18*

Time *9:35pm*

*Lisa Towle*
Bail Commissioner / Clerk of Court

$ *40.00 pd*
Bail Commissioner's Fee

Defendant _____

Address *26 IRA's Lane*

*Ctr Ossipee NH*

*03814*

Corporate Surety or Surety _____

Address _____

NHJB-2335-DS (01/01/2013)

(vertical text, right margin) TRUE COPY ATTEST: *Elaine E. Beale*

Case Name: <u>State v.</u> _____

Case Number: <u>464-</u> _____   Charge ID Number: _____

<u>DISPOSITION AND SENTENCING FORM</u>

## PROBATION·

☐ The defendant is placed on probation for a period of ____ ☐ months ☐ year(s), upon the usual terms of probation and any special terms of probation determined by the probation/parole officer. Effective: ☐ Immediately     ☐ Upon Release
The defendant is ordered to report immediately/upon release to the Probation/Parole Office.

## OTHER CONDITIONS OF SUSPENDED OR DEFERRED SENTENCE

The defendant is ordered to be of good behavior and comply with all the terms of this sentence for a period of _____ ☐ days ☐ months ☐ years. Good behavior is defined as not committing any act(s) that would constitute a felony, misdemeanor or major motor vehicle violation as defined in RSA 259:39 (I).

☐ The defendant's ☐ license ☐ privilege to operate in New Hampshire is
☐ Suspended ☐ Revoked for a period of _____ ☐ days ☐ months ☐ years

effective _____

☐ The loss of license is consecutive to _____

☐ The defendant shall meaningfully participate in LADC/mental health/_____ evaluation and follow all recommendations including, but not limited to, counseling, treatment and education programs. Written proof of the evaluation shall be provided to the prosecutor and the court by _____ (date) and written proof of compliance with the recommendations shall be provided by _____ (date).

☐ The defendant shall perform _____ hours of community service and provide proof to the State by _____ (date).

☐ The defendant is ordered to have no contact with _____ either directly or indirectly, or through third parties, including but not limited to contact in-person, by mail, phone, e-mail, text message, social networking sites and/or electronic communications for a period of _____ ☐ days ☐ months ☐ years

☐ The defendant is not allowed to enter _____ (location) for a period of _____ years.

☐ Other:
_____
_____
_____
_____
_____

☒ APPEAL  5/2/19  (date) ☐ Bail $ _____    ☐ Committed ☐ See attached bail order

_____5/2/19_____
Date

Signature of Judge
Charles L. Greenhalgh,
Judge
Printed Name of Judge

Case Name: State v. _____

Case Number: 464- _____  **Charge ID Number:** _____

DISPOSITION AND SENTENCING FORM

## PROBATION·

☐ The defendant is placed on probation for a period of _____ ☐ months ☐ year(s), upon the usual terms of probation and any special terms of probation determined by the probation/parole officer.
Effective: ☐ Immediately   ☐ Upon Release
The defendant is ordered to report immediately/upon release to the Probation/Parole Office.

## OTHER CONDITIONS OF SUSPENDED OR DEFERRED SENTENCE

The defendant is ordered to be of good behavior and comply with all the terms of this sentence for a period of _____ ☐ days ☐ months ☐ years. Good behavior is defined as not committing any act(s) that would constitute a felony, misdemeanor or major motor vehicle violation as defined in RSA 259:39 (I).

☐ The defendant's ☐ license ☐ privilege to operate in New Hampshire is
   ☐ Suspended ☐ Revoked for a period of _____ ☐ days ☐ months ☐ years

   effective _____

☐ The loss of license is consecutive to _____

☐ The defendant shall meaningfully participate in LADC/mental health/_____
   evaluation and follow all recommendations including, but not limited to, counseling, treatment and education programs. Written proof of the evaluation shall be provided to the prosecutor and the court by _____ (date) and written proof of compliance with the recommendations shall be provided by _____ (date).

☐ The defendant shall perform _____ hours of community service and provide proof to the State by _____ (date).

☐ The defendant is ordered to have no contact with _____ either directly or indirectly, or through third parties, including but not limited to contact in-person, by mail, phone, e-mail, text message, social networking sites and/or electronic communications for a period of _____ ☐ days ☐ months ☐ years

☐ The defendant is not allowed to enter _____ (location)
   for a period of _____ years.

☐ Other: _____

_____

_____

_____

_____

_____

☒ APPEAL  5/2/19 (date) ☐ Bail $ _____   ☐ Committed ☐ See attached bail order

_____5/7/19_____

Date                                           Signature of Judge  _Greenhalgh,_
                                               Judge
                                               Printed Name of Judge

NHJB-2951-D (01/01/2018)




# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name:   <u>3rd Circuit - District Division - Ossipee</u>

Case Name:   <u>State v. Georg Dore</u>

Case Number:   <u>464-2018-CR-1100</u>   Charge ID Number: <u>1534008C</u>
(if known)

## DISPOSITION AND SENTENCING FORM

**PLEA:**   ☐ Guilty   ☐ Not Guilty   ☐ No Contest   ☐ No Plea
☐ **Change Plea To:**   ☐ No Contest   ☐ Guilty

**FINDING:**   ☒ Guilty   ☐ Not Guilty   ☐ Dismissed

☐ Complaint placed on file   ☐ With finding   ☐ Without finding

and not to be brought forward after _____ on the below conditions of this order.

**PROBABLE CAUSE:** ☐ Found   ☐ Not Found   ☐ Hearing Waived _____ (date)

☐ Bail $ _____   ☐ Committed   ☐ See attached bail order

## SENTENCE:
**FINE**

☒ The defendant is fined $ <u>500</u>, plus statutory penalty assessment of $ <u>120</u>

$ _____ of the fine is: ☐ suspended ☐ deferred for _____ ☐ months ☐ years

$ _____ of the statutory penalty assessment is:

☐ suspended ☐ deferred for _____ ☐ months ☐ years

☐ The defendant shall perform _____ hours of community service to satisfy the fine.

☐ This is a domestic violence conviction under RSA 631:3 reckless conduct, or RSA 633:3-a interference with freedom – stalking, requiring the mandatory imposition of a **$50.00 fine** which may not be reduced, suspended or discharged by imprisonment.

**COMMITMENT**
☐ The defendant is sentenced to the House of Corrections for a period of _____ ☐ days ☐ months

☐ Pretrial confinement credit: _____ days.

This sentence is to be served as follows:
☐ Stand committed   ☐ Commencing _____

☐ _____ ☐ days ☐ months of the sentence are ☐ suspended ☐ deferred to ___ (date) on the below conditions.

☐ The commitment is consecutive to _____

**RESTITUTION**
☐ The defendant is ordered to make restitution to _____

in the amount of $ _____

☐ Payable through the Department of Corrections as directed by the probation/parole officer plus the statutory administrative fee.

☐ Other: _____

A TRUE COPY

ATTEST: _Elaine G. Dowe_

NHJB-2951-D (01/01/2018)

Case Name: <u>State v.</u> _____

Case Number: <u>464-</u>_____         <u>Charge ID Number:</u> _____

<u>**DISPOSITION AND SENTENCING FORM**</u>

**PROBATION**

☐ The defendant is placed on probation for a period of _____ ☐ months ☐ year(s), upon the usual terms of probation and any special terms of probation determined by the probation/parole officer. Effective: ☐ Immediately    ☐ Upon Release
The defendant is ordered to report immediately/upon release to the Probation/Parole Office.

**OTHER CONDITIONS OF SUSPENDED OR DEFERRED SENTENCE**

The defendant is ordered to be of good behavior and comply with all the terms of this sentence for a period of _____ ☐ days ☐ months ☐ years. Good behavior is defined as not committing any act(s) that would constitute a felony, misdemeanor or major motor vehicle violation as defined in RSA 259:39 (I).

☐ The defendant's ☐ license ☐ privilege to operate in New Hampshire is
☐ Suspended ☐ Revoked for a period of _____     ☐ days     ☐ months     ☐ years

effective _____

☐ The loss of license is consecutive to _____

☐ The defendant shall meaningfully participate in LADC/mental health/_____
evaluation and follow all recommendations including, but not limited to, counseling, treatment and education programs. Written proof of the evaluation shall be provided to the prosecutor and the court by _____ (date) and written proof of compliance with the recommendations shall be provided by _____ (date).

☐ The defendant shall perform _____ hours of community service and provide proof to the State by _____ (date).

☐ The defendant is ordered to have no contact with _____ either directly or indirectly, or through third parties, including but not limited to contact in-person, by mail, phone, e-mail, text message, social networking sites and/or electronic communications for a period of _____ ☐ days ☐ months ☐ years

☐ The defendant is not allowed to enter _____ (location) for a period of _____ years.

☐ Other:

_____
_____
_____
_____
_____

☒ APPEAL  <u>5/2/19</u>  (date) ☐ Bail $ _____   ☐ Committed ☐ See attached bail order

<u>5/2/19</u>
Date

Signature of Judge

L. Greenhalgh,
Judge
Printed Name of Judge

NHJB-2951-D (01/01/2018)

Case Name: State v.

Case Number: 464-

Charge ID Number:

**DISPOSITION AND SENTENCING FORM**

## PROBATION

☐ The defendant is placed on probation for a period of _____ ☐ months ☐ year(s), upon the usual terms of probation and any special terms of probation determined by the probation/parole officer. Effective: ☐ Immediately   ☐ Upon Release
The defendant is ordered to report immediately/upon release to the Probation/Parole Office.

## OTHER CONDITIONS OF SUSPENDED OR DEFERRED SENTENCE

The defendant is ordered to be of good behavior and comply with all the terms of this sentence for a period of _____ ☐ days ☐ months ☐ years. Good behavior is defined as not committing any act(s) that would constitute a felony, misdemeanor or major motor vehicle violation as defined in RSA 259:39 (I).

☐ The defendant's ☐ license ☐ privilege to operate in New Hampshire is
☐ Suspended ☐ Revoked for a period of _____ ☐ days ☐ months ☐ years
effective _____

☐ The loss of license is consecutive to _____

☐ The defendant shall meaningfully participate in LADC/mental health/_____
evaluation and follow all recommendations including, but not limited to, counseling, treatment and education programs. Written proof of the evaluation shall be provided to the prosecutor and the court by _____ (date) and written proof of compliance with the recommendations shall be provided by _____ (date).

☐ The defendant shall perform _____ hours of community service and provide proof to the State by _____ (date).

☐ The defendant is ordered to have no contact with _____ either directly or indirectly, or through third parties, including but not limited to contact in-person, by mail, phone, e-mail, text message, social networking sites and/or electronic communications for a period of _____ ☐ days ☐ months ☐ years

☐ The defendant is not allowed to enter _____ (location) for a period of _____ years.

☐ Other:

_____

_____

_____

_____

_____

☒ APPEAL  5/2/19  (date) ☐ Bail $ _____    ☐ Committed ☐ See attached bail order

_5/2/19_
Date

Signature of Judge
Charles L. Greenhalgh,
Judge
Printed Name of Judge

NHJB-2951-D (01/01/2018)



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: <u>3rd Circuit - District Division - Ossipee</u>

Case Name: State v. <u>George Dore</u>

Case Number: <u>464- 2018-CR-1100</u>          Charge ID Number: <u>1534007C</u>
(if known)

## DISPOSITION AND SENTENCING FORM

**PLEA:**   ☐ Guilty   ☐ Not Guilty   ☐ No Contest   ☐ No Plea
☐ **Change Plea To:**   ☐ No Contest   ☐ Guilty

**FINDING:**   ☒ Guilty   ☐ Not Guilty   ☐ Dismissed

☐ Complaint placed on file      ☐ With finding      ☐ Without finding

and not to be brought forward after _____ on the below conditions of this order.

**PROBABLE CAUSE:** ☐ Found   ☐ Not Found   ☐ Hearing Waived _____ (date)

☐ Bail $ _____   ☐ Committed      ☐ See attached bail order

## SENTENCE:
**FINE**

☐ The defendant is fined $ _____, plus statutory penalty assessment of $ _____

$ _____ of the fine is: ☐ suspended ☐ deferred for _____ ☐ months ☐ years

$ _____ of the statutory penalty assessment is:

☐ suspended ☐ deferred for _____ ☐ months ☐ years

☐ The defendant shall perform _____ hours of community service to satisfy the fine.

☐ This is a domestic violence conviction under RSA 631:3 reckless conduct, or RSA 633:3-a interference with freedom – stalking, requiring the mandatory imposition of a **$50.00 fine** which may not be reduced, suspended or discharged by imprisonment.

**COMMITMENT**

☒ The defendant is sentenced to the House of Corrections for a period of <u>30</u> ☒ days ☐ months

☐ Pretrial confinement credit: _____ days.

This sentence is to be served as follows:
☒ Stand committed   ☒ Commencing <u>5/3/19</u>

☐ ____ ☐ days ☐ months of the sentence are ☐ suspended ☐ deferred to ___ (date) on the below conditions.

☐ The commitment is consecutive to _____

**RESTITUTION**

☐ The defendant is ordered to make restitution to _____

in the amount of $ _____

☐ Payable through the Department of Corrections as directed by the probation/parole officer plus the statutory administrative fee.

☐ Other: _____

A TRUE COPY

ATTEST: *Elaine A. Howe*

NHJB-2951-D (01/01/2016)

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**

**Superior Court**
**Docket No: 212-2019-CR-00123**

State of New Hampshire

v.

George Dore

# DEFENDANT'S OBJECTION TO THE STATE OF NEW HAMPSHIRE'S NOTICE OF INTENT TO SEEK CLASS A MISDEMEANOR PENALTIES
# AND
# MOTION TO STRIKE

NOW COMES the Defendant, George Dore, by and through his counsel, James P. Loring, Esq., and objects to the State of New Hampshire's Notice of Intent to Seek Class A Misdemeanor Penalties filed by the Office of the Carroll County Attorney on the basis that it was not filed in accordance with New Hampshire RSA 625:9, and further requests that the Notice be stricken from the record of the instant case.

In support thereof the Defendant states as follows:

1. New Hampshire RSA 625:9, Classification of Crimes, paragraph IV, subparagraph (c) (2) states in pertinent part as follows:

    (c) Any crime designated within or outside this code as a misdemeanor without specification of the offense shall be presumed to be a class B misdemeanor unless:

    (2) The state files a notice of intent to seek class A misdemeanor penalties on or before the date of arraignment. Such notice shall be on a form approved in accordance with RSA 490:26-d.

2. Herein, the Defendant appears before this Honorable Court to answer the charges of Resisting Arrest or Detention, contrary to RSA 642:2, and Disobeying a Police Officer, contrary to RSA 265:4. The Defendant's arraignment on both charges occurred on October 4, 2018.

3. The State of New Hampshire failed to file the notice of intent to seek class A misdemeanor penalties in accordance with New Hampshire RSA 625:9.

Motion to Strike Denied for the reasons set forth in The State's objection. Further The August 17 2018 complaints clearly identify each charge as a Class A misdemeanor

Amy L. Ignatius, Presiding Justice

DATE: 7/16/2019

Motion Granted / Denied

Jean Banks, Deputy Clerk

10/30/2021

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

WHEREFORE, the Defendant respectfully requests that this Honorable Court find and rule that the State has failed to file the Notice of Intent To Seek Class A Misdemeanor Penalties in accordance with New Hampshire RSA 625:9, strike the pleading from the record of the instant case, and for such other and further relief as this Court deems just.

Dated: June 30, 2019

Respectfully submitted,
George Dore

By his counsel,

By: _____
James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served the State of New Hampshire by depositing a true copy of the within Motion in the U.S. Mails, postage prepaid, addressed as follows:

Carroll County Attorney's Office
Administration Building
95 Water Village Road
P.O. Box 1522
Ossipee, N.H. 03864-0152

Dated: June 30, 2019

James P. Loring
Bar # 1507

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

2

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

# STATE'S RESPONSE TO DEFENDANT'S OBJECTION AND MOTION TO STRIKE

The State of New Hampshire, by its counsel, Thomas Palermo, makes the following response to the Defendant's Objection and Motion to Strike, and requests that this Court schedule a hearing on that Objection and Motion.

1.  On August 19, 2018, the Defendant, George Dore, received a Notice of Intent to Seek Class A Misdemeanor Penalties in this matter from the State. That Notice referenced the offenses of Disobeying an Officer and Resisting Arrest.

2.  On May 2, 2019, following a bench trial in the Ossipee District Court, the Defendant was convicted of Disobeying an Officer and Resisting Arrest, both Class A Misdemeanors. He was sentenced to 30 days in the Carroll County House of Corrections on the conviction of Resisting Arrest.

3.  The Defendant has appealed his conviction for a jury trial in the Carroll County Superior Court.

4.  Out of caution, the State filed another Notice of Intent to Seek Class A Misdemeanor Penalties on June 26, 2019. That Notice referenced the offenses of Resisting Arrest and Disobeying an Officer.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.

*Jean Banks* Deputy Clerk
*10/26/2021*

1

5.   The Defendant now objects to the State's Notice.

6.   The State filed its Notice in full compliance with RSA 625:9 and RSA 490:26-d.  The Notice lists both offenses for which the State seeks Class A Misdemeanor penalties, and was filed on unmodified New Hampshire Judicial Branch form NHJB-2618-DS.

7.   The Defendant has thrice been made aware that convictions on these charges may result in incarceration.  He was notified on August 19, 2018, prior to his original arraignment on October 4, 2018, and he was notified again on June 26, 2019.  He was also alerted to the possibility of incarceration when he was sentenced to 30 days in the House of Corrections after being convicted of these charges on May 2, 2019.

8.   Furthermore, any objection the Defendant has to notification of Class A Misdemeanor penalties in this matter was waived when the Defendant did not raise that objection prior to his trial on Class A Misdemeanor offenses in the Circuit Court.

     WHEREFORE, the State requests that this Honorable Court:

A.   Schedule a hearing in this matter; and

B.   Grant such other relief as this Court deems appropriate.

                              Respectfully submitted,

                              THE STATE OF NEW HAMPSHIRE

                              By its counsel,


                              Thomas D. Palermo, Esq.
                              NH Bar #271593
                              Assistant County Attorney
                              Carroll County Attorney's Office
                              PO Box 218
                              Ossipee, NH 03864
                              (603) 539-7769

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk          10/26/2021

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Response was forwarded to James Loring,

counsel for the Defendant in this matter, on July 11, 2019.

Thomas Palermo

3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks  Deputy Clerk
10/26/2021

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**                                     **Superior Court**
                                                    **Docket No: 212-2019-CR-00123**


State of New Hampshire

v.

George Dore

## DEFENDANT'S FURTHER OBJECTION TO THE STATE OF NEWHAMPSHIRE'S
## NOTICE OF INTENT TO SEEK CLASS A MISDEMEANOR PENALTIES

NOW COMES the Defendant, George Dore, by and through his counsel, James P. Loring, Esq., and by way of further objection to the State of New Hampshire's Notice of Intent to Seek Class A Misdemeanor Penalties states as follows:

1. Paragraph one (1) of the State's Response to Defendant's Objection and Motion to Strike states that "On August 19, 2018, the Defendant George Dore, received a Notice of Intent to Seek Class A Misdemeanor Penalties in this matter from the State. The Notice referenced the offenses of Disobeying an Officer and Resisting Arrest."

2. The Defendant denies that on August 19, 2018 he was presented with a Notice of Intent to Seek Class A Misdemeanor Penalties in this matter from the State of New Hampshire.

3. New Hampshire RSA 625:9, Classification of Crimes, paragraph IV, subparagraph (c) (2) states in pertinent part as follows:

   (c) Any crime designated within or outside this code as a misdemeanor without specification of the offense shall be presumed to be a class B misdemeanor unless:

   (2) The state files a notice of intent to seek class A misdemeanor penalties on or before the date of arraignment. Such notice shall be on a form approved in accordance with RSA 490:26-d.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

4. As stated in paragraph 3 (2) above, the burden is on the State of New Hampshire to file (emphasis added) a notice to seek Class A misdemeanor penalties on or before the date of arraignment. A review of the Court's file in this matter will clearly demonstrate that the State failed to file the notice required by RSA 625:9.

5. Paragraph two (2) of the State's Response to the Defendant's Objection and Motion to Strike states that "On May 2, 2019, following a bench trial in the Ossipee District Court, the Defendant was convicted of Disobeying as Police Officer and Resisting Arrest, both Class A misdemeanors. He was sentenced to 30 days in the Carroll County House of Corrections on the conviction of Resisting Arrest.

6. The Defendant's recollection is that the 30-day sentence was attached to the complaint charging the offense of Disobeying a Police Officer. The Defendant submits that at the time of sentencing he argued that the District Court could not impose Class A penalties on either complaint in that the State had failed to file the Notice required by RSA 625:9. The District Court found that the State did not comply with RSA 625:9. However, the Court reasoned that it was not necessary to file the Notice in regard to the charge of Disobeying a Police Officer. The Defendant respectfully submits that the reasoning of the District Court was in error.

WHEREFORE, the Defendant respectfully requests that this Honorable Court

a) Schedule this matter for a hearing at the Court's earliest convenience;

b) After hearing find and rule that the State has failed to file the Notice of Intent to Seek Class A Misdemeanor Penalties in accordance with New Hampshire RSA 625:9, strike the pleading from the record of the instant case;

c) And for such other and further relief as this Court deems just.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks
Jean Banks, Deputy Clerk
10/26/2021

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*

Jean Banks. Deputy Clerk
10/21/202

Dated: July 16, 2019

Respectfully submitted,
George Dore

By his counsel,

By: _____
James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served the State of New Hampshire by depositing a true copy of the within Motion in the U.S. Mails, postage prepaid, addressed as follows:

Carroll County Attorney's Office
Administration Building
95 Water Village Road
P.O. Box 1522
Ossipee, N.H. 03864-0152

Dated: July 16, 2019

_____
James P. Loring
Bar # 1507

Based on St v Byron Whitney, Supreme Court opinion issued July 16, 20
The court vacates its order of same date and schedules This
matter for a hearing on whether one or both of The charges
must be treated as Class B misdemeanors. Hearing shall be
held on 8/14/2019, The date of The final        Amy Ignet
pretrial conference.                    7/24/2019

3

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                          SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S LIST OF TRIAL WITNESSES

The State will be calling the following witnesses at trial; however, it reserves the right to add or remove witnesses from this list.

- Trooper Hawley Rae, New Hampshire State Police Troop E
- Trooper Nicholas Levesque, New Hampshire State Police Troop E

The State reserves the right to call any witnesses listed in the incident/police reports provided to Defendant. The State, at this point, has no knowledge of additional, supplemental testimony to be presented, but will disclose such information as soon as it becomes available.

The defense is in possession of police reports and evidence, as well as supplemental reports and/or information provided by prior counsel. The State will continue to provide any information relevant to the charges as it becomes available.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

Thomas D. Palermo, Esq.

July 22, 2019

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks    10/26/2021

Jean Banks, Deputy Clerk

5

NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this List of Witnesses was forwarded to James

Loring, counsel for the Defendant in this matter, on July 22, 2019.

July 22, 2019

Thomas Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.

Jean Banks. Deputy Clerk
10/26/2021

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.

SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S RESPONSE TO DEFENDANT'S FURTHER OBJECTION

The State of New Hampshire, by its counsel, Thomas Palermo, makes the following response to the Defendant's Further Objection to Notice of Intent to Seek Class A Misdemeanor Penalties:

1.   The Defendant points to RSA 625:9 to claim that the District Court erred when it found that a Notice of Intent to Seek Class A Misdemeanor Penalties was not necessary to sentence the Defendant to a period of incarceration.

2.   RSA 625:9 states, and the Defendant quotes, "[a]ny crime designated within or outside this code as a misdemeanor without specification of the classification shall be presumed to be a class B misdemeanor…" N.H. Rev. Stat. Ann. § 625:9.

3.   The Defendant is accused of violating RSA 265:4, I(e).

4.   RSA 265:4, II specifies that "any person who violates the provisions of subparagraphs I (a), (b), (d), (e), or (f) of this section shall be guilty of a class A misdemeanor. N.H. Rev. Stat. Ann. § 265:4

5.   Because the statute specifies this crime as a Class A Misdemeanor, the State is not required to file a Notice of Intent to Seek Class A Misdemeanor Penalties for this charge.

1

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
10/24/2021
Jean Banks, Deputy Clerk

WHEREFORE, the State requests that this Honorable Court:

A.  At hearing, find that the State may pursue Class A Misdemeanor penalties against the Defendant if a jury convicts him of the charge of Disobeying an Officer; and

B.  Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

July 25, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Response was forwarded to James Loring, counsel for the Defendant in this matter, on July 25, 2019.

July 25, 2019

Thomas Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

2

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

*HE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

_Jean Banks_ 10/26/2021
Jean Banks, Deputy Clerk

## STATE'S MOTION TO CONTINUE

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court
continue the jury trial scheduled in this matter to the next available jury selection, for the
following reason:

1.    This matter is scheduled for jury selection on August 26, 2019.

2.    The State's primary witness, Trooper Hawley Rae, is scheduled to be outside of New
      Hampshire for vacation during that week. The State was made aware of this on July 24.

3.    The State cannot proceed without Trooper Rae, and therefore requests that this trial take
      place during the next available round of jury selection.

4.    The State spoke to the Defendant's counsel on July 24 and requested assent; as of this
      filing date, the State has not received word back.

      WHEREFORE, the State requests that this Honorable Court:

A.    Continue this trial to the next available jury selection on the Court's docket; and

B.    Grant such other relief as this Court deems appropriate.

Motion Granted / Denied

Carried!
be rescheduled
as The court's docket
allows. Parties shall be prepared
to discuss scheduling at the Motion
hearing 8/14/2019

Respectfully submitted,

_Amy Ignatius_
Amy L. Ignatius, Presiding Justice
DATE 8/12/2019

THE STATE OF NEW HAMPSHIRE

By its counsel,

July 30, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Motion was forwarded to James Loring,

counsel for the Defendant in this matter, on July 30, 2019.

July 30, 2019

Thomas Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

10/24/2021

Jean Banks, Deputy Clerk

2

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S SUPPLEMENTAL LIST OF WITNESSES

The State of New Hampshire, by its counsel, Thomas Palermo, makes the following

addition to its original List of Witnesses that it may call for the upcoming trial in this matter.

- Trooper Seth Turner, New Hampshire State Police Troop D

The State continues to reserve the right to further add or remove witnesses from this list,

and will continue to disclose any changes or information relevant to this matter at it becomes

available.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

August 9, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk     10/21/2021

1

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Supplemental List of Witnesses was forwarded to James Loring, counsel for the Defendant in this matter, on August 9, 2019.

August 9, 2019

Thomas Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/26/2021

2

# THE STATE OF NEW HAMPSHIRE

**CARROLL, SS.**                                                   **SUPERIOR COURT**

State of New Hampshire

v.

George Dore

212-2019-CR-123

## ORDER

The defendant, George Dore, was convicted in the 3rd Circuit Court – Ossipee Division, on May 2, 2019, on charges of resisting arrest and disobeying a police officer. The State had sought Class A enhanced penalties in both charges. After argument as to whether the State had properly noticed its intent to seek enhanced penalties, the Circuit Court (Greenhalge, J.) found notice was not properly filed and ruled that the resisting arrest charge was a class B misdemeanor. In the disobeying a police officer charge, he found the complaint was properly classified as a Class A misdemeanor, despite the lack of notice.

The defendant appeals both convictions the Superior Court and requests a jury trial. Jury selection had been scheduled for August 26, 2019 but was continued due to witness unavailability. Pending before the court is the defendant's motion to strike the Class A misdemeanor classification on the disobeying a police officer charge, to which the State objects. After hearing on August 14, 2019, and consideration of the arguments, the court rules as follows.

Regarding the resisting arrest charge in violation of RSA 642:2, the State concedes that although there are notations on the complaint that it intended to seek

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks   10/26/2021
Jean Banks. Deputy Clerk

enhanced penalties and there is an unsigned notice of such intent in the State's file, there is no record of notice being filed with the court, as required.   The resisting arrest charge, therefore, is properly treated as a Class B misdemeanor.  The defendant is not entitled to a jury trial before the Superior Court on a class B misdemeanor.

Regarding the charge of disobeying a police officer in violation of RSA 265:4, the defendant argues that, pursuant to RSA 625:9, unspecified misdemeanors are presumed to be class B misdemeanors and the Circuit Court was mistaken in classifying the disobeying an officer charge as a class A misdemeanor.  He argues that the provisions of RSA 265:4, 265:8, and 625:9 can be read in ways that are internally inconsistent.  Because a charge can be reduced from a Class A to Class B misdemeanor or even violation, the defendant argues, and because a court can impose no time sentences, the disobeying an officer statute should be read to make the charge a Class B misdemeanor.

The State argues that notice of enhanced penalties was not necessary for the disobeying an officer charge, pursuant to RSA 265:4, I: "Any person who violates the provisions of subparagraphs I (a), (b), (d), (e), or (f) of this section shall be guilty of a class A misdemeanor."   Because the defendant was charged and convicted under RSA 265:4, I(e) according to the State[1], the statute is clear that the charge is a class A misdemeanor.  Further, the sentence imposed on conviction does not change the classification of a charge.  A Class A misdemeanor convictions remains so even if the court imposes no term of incarceration.

---

[1] The complaint does not designate which section of RSA 265:4 is relied on.  The language of the complaint, however, clearly alleges violation of RSA 265:4, I(e).

State v. Dore / 212-2019-CR-123
2

The court agrees with the State. The defendant was charged with refusing to produce his license or certificate of registration when requested by Officer Hawley. This is squarely within the prohibitions of RSA 265:4, I(e) which states no person shall "[r]efuse, on demand of such officer, to provide his license to drive such vehicle or his certificate of registration or to permit such officer to take the license or certificate in hand for the purpose of examination." RSA 265:4, II is explicit that one who violates RSA 265:4, I(e) "shall be guilty of a class A misdemeanor." The argument that statutes could be clearer does not create ambiguity regarding the classification status of a person convicted of conduct proscribed by RSA 265:4, I(e).

The resisting arrest conviction is hereby remanded to the Circuit Court. At the close of the hearing on the defendant's motion, defense counsel stated he would possibly withdraw the appeal or take other action, depending on the court's determination. The defendant shall notify the court, with copy to the State, as to whether it intends to pursue a jury trial on the disobeying a police officer charge, within 20 days of this order.

So Ordered.

August 28, 2019

Amy L. Ignatius
Presiding Justice

State v. Dore / 212-2019-CR-123
3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**

**Superior Court**
**Docket No: 212-2019-CR-00123**

State of New Hampshire

v.

George Dore

## DEFENDAT'S WITNESS LIST

Jennifer Dore
Center Ossipee, NH

Dated: August 13, 2019

Respectfully submitted,
George Dore

By his counsel,

By: _____
James P. Loring, Esq.
240 Islington Street
P.O. Box 1515
Portsmouth, N.H. 03802-1515

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

_____
Jean Banks, Deputy Clerk
10/24/2021

# CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served the State of New Hampshire by depositing a true copy of the within Motion in the U.S. Mails, postage prepaid, addressed as follows:

Carroll County Attorney's Office
Administration Building
95 Water Village Road
P.O. Box 1522
Ossipee, N.H. 03864-0152

Dated: June 30, 2019

James P. Loring
Bar # 1307

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

2

Jean Banks. Deputy Clerk
10/21/2021

# THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

CARROLL, SS.

## STATE OF NEW HAMPSHIRE

v.

## GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S MOTION TO RECONSIDER

The State of New Hampshire, by its counsel, Thomas Palermo, requests that this Court reconsider a portion of its order, dated August 28, 2019. The State asserts the following in support thereof:

1.  On May 2, 2019, the Defendant, George Dore, was convicted following a bench trial in the 3rd Circuit District Court – Ossipee of Resisting Arrest and Disobeying a Police Officer.

2.  At the sentencing hearing for those convictions, the Defendant asserted that the State had not properly notified him of its intent to seek Class A Misdemeanor penalties for the charges, and sought to have the convictions reduced to Class B Misdemeanors.

3.  The District Court (Greenhalgh, J.) found that although notice was not properly filed for the Resisting charge (and that it must therefore be notated as a Class B Misdemeanor), RSA 265:4 states that the Disobeying charge of which the Defendant was convicted must necessarily be a Class A Misdemeanor. Because of this, the District Court concluded that notice was not required for the Defendant to be sentenced to Class A Misdemeanor penalties on the Disobeying conviction.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

1

CSC-AUG30'19AM10:31

4. Subsequently, the Defendant filed an appeal to this Court, seeking a *de novo* jury trial on his convictions.

5. On June 30, and further on July 16, 2019, the Defendant filed an Objection with this Court, seeking to strike the State's Notice of Class A Misdemeanor Penalties from the record. The Defendant sought to have both charges reclassified as Class B Misdemeanors.

6. On August 28, 2019, this Court issued an order regarding the Defendant's Motion to Strike Class A Misdemeanor Classification and the subsequent hearing on that Motion. The Court held that the Resisting charge constitutes a Class B Misdemeanor and that the Disobeying charge constitutes a Class A Misdemeanor, for the reasons relied upon by the District Court. The Court further ordered that the Resisting charge be remanded to the District Court, while, assumedly, the Disobeying charge remains under this Court's jurisdiction for further proceedings.

7. The State believes that the Court is correct in its ruling regarding the classification of the two charges. However, the State respectfully posits that the matter should not have been severed, as it effectively was by remanding one of the charges to the District Court.

8. The *New Hampshire Practice* series, *Criminal Practice and Procedure*, sixth edition, states that in an appeal from the District Court to the Superior Court "[t]he whole proceeding is transferred for trial *de novo* on the original complaint, unless amended, to the Superior Court, and the parties 'stand as though there had been no trial.'" Richard B. McNamara, New Hampshire Practice: Criminal Practice and Procedure § 30.18 (6th ed. 2017).

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/24/2021

2

9.  Case law echoes this point: "The effect of an appeal, to the Superior Court from a conviction in the municipal court, is to vacate that judgment and transfer the whole proceeding to the Superior Court, there to be tried de novo on the original complaint, unless amended or on an information substituted for the original complaint." *State v. Green*, 105 N.H. 260, 261 (1964).

10. The State requests that both charges in this matter remain under the jurisdiction of this Court. For the duration of the Defendant's appeal, it would be appropriate to keep the charges together for a *de novo* jury trial.

WHEREFORE, the State requests that this Honorable Court:

A.  Reconsider the portion of its order severing the two charges in this matter; and

B.  Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

August 29, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/21/2021

CSC-AUG30'19AM10:32

3

---

# CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Motion was forwarded to James Loring, counsel for the Defendant in this matter, on August 29, 2019.

August 29, 2019

Thomas Palermo

The Resisting Arrest charge is properly deemed a Class B misdemeanor. There is no right to appeal to the Superior Court for a trial de novo from a Class b misdemeanor. NH Practice, Criminal Practice and Procedure Vol 2, § 30.01. As such, The Superior Court lacks jurisdiction to grant the State's request for a trial de novo on both the Resisting Arrest and Disobeying a police Officer charges.

The Disobeying charge (Class A misdemeanor) shall proceed to trial or other resolution. Jury selection is November 18 2019, final pretrial is November 6, 2019. The Resisting Arrest charge (class B misdemeanor) has been remanded to the Circuit Court on jurisdictional grounds.

Motion Granted; Denied

Amy L. Ignatius, Presiding
DATE: 10/2/2019

CSC-AUG30'19AM10:32

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

4

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll Superior Court
96 Water Village Rd., Box 3
Ossipee NH 03864

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RETURN FROM SUPERIOR COURT

Case Name: **State v. George L Dore**
Case Number: **212-2019-CR-00123**

Name: **George L Dore,** 26 Iras Lane Center Ossipee NH 03814

DOB: August 11, 1967

Charging document: Complaint

| Offense: | GOC: | Charge ID: | RSA: | Date of Offense: |
|---|---|---|---|---|
| Resist Arrest/Detention | | 1534008C | 642:2 | August 16, 2018 |

Disposition: Remand

Date: August 28, 2019

Action taken: By Judge

**Court Order dated 8/28/19.**

Amy L Ignatius

J-ONE: ☒ State Police ☐ DMV

C: ☐ Dept. of Corrections ☐ Offender Records ☐ Sheriff ☐ Office of Cost Containment
☒ Prosecutor Thomas Daniel Palermo, ESQ ☐ Defendant ☒ Defense Attorney James Peter Loring, ESQ
☒Other Circuit Court Ossipee ☐ _____ Dist Div. ___________

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
Jean Banks 10/26/2021
Jean Banks, Deputy Clerk

THE STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST

*Jean Banks*
Jean Banks. Deputy Clerk
10/26/2021

Court Name: **Carroll County Superior Court**
Case Name: St v Georg Dore
Case Number: 212-2019-CR-123

## CRIMINAL FINAL PRETRIAL ORDER

Trial Counsel: State Pakrns   Defense Loring

Is Defendant incarcerated? Yes ☐ No ☑ If yes, where? _____

Is Defendant present? Yes ☑ No ☐

Length of Trial: 1   Number of Witnesses: State 2 3 Defendant 1

View/Location: ∅   Requested by: State ☐ Defense ☐

Pending/Pretrial motions: Yes ☐ No ☑ Specify motions : _____

Hearing Date/Time for Pending/Pretrial Motions: _____

Special jury voir dire? _____

Panel voir dire: Yes ☐ No ☐ Time allotted for voir dire per party: _____

Interpreter needed? Yes ☐ No If yes, what language? _____

Plea deadline extended? If yes, extended to: no.

Scheduling Issues: Week 1 18th for State only (Rae vacation 2nd week)

Other: Trial is on Disobeying charge only.

So Ordered.

Date: 11/6/2019

Presiding Justice

Clerk's Notice: _____
Copy to: State ☐ Defense Counsel ☐

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll County

Carroll Superior Court

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks* 10/20/2021

Jean Banks, Deputy Clerk

CASE NAME: State v George Dore

CASE NUMBER: 212-2019-CR-123

The parties and counsel appeared for jury selection. Before jurors were brought in, defense counsel stated he was prepared for trial but that his client wished to represent himself because he had a theory of defense that counsel could not support. Therefore, he asked to remain as standby counsel but no longer represent Mr. Dore at trial. He also stated the issue arose on Sunday Nov 17, 2019 and thus could not have been flagged earlier.

The court conducted a colloquy with the defendant who stated he has represented himself in 7 trials, winning 6 of them. He recognizes he is responsible for familiarity with court rules and lack of counsel would not be a basis for a new trial. He sought a short continuance to prepare and to file motions. Said motions are now due Nov 25, 2019. Trial is rescheduled to Dec. 9 2019 at 9 AM for jury selection.

Attorney Loring shall submit a motion to withdraw. He shall also submit a statement that he wishes to be present at trial as standby counsel. The defendant has waived speedy trial on the record and in writing.

11/18/2019
Date

*Amy Ignatius*
Signature of Judge

Amy L. Ignatius

Clerk's Notice of Decision
Document Sent to Parties
on 11/19/2019

## THE STATE OF NEW HAMPSHIRE

**CARROLL COUNTY**          **SUPERIOR COURT**

NO. 212-2019-CR-00123

STATE v. George Doax

### WAIVER OF SPEEDY TRIAL

*I, hereby waive my right to speedy trial in the above entitled matter.*

_____
**Date**

_____
**Signature**

_____
**Print Name**

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

Filed
File Date: 11/22/2019 2:08 PM
Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                        SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S COLLECTIVE OBJECTION TO DEFENDANT'S VARIOUS MOTIONS

The State of New Hampshire, by its counsel, Thomas Palermo, collectively objects, to the extent it can decipher what the Defendant is arguing and requesting, to the numerous motions filed in a pro se capacity by the Defendant, George Dore, on November 21, 2019. The State asserts the following in support thereof:

1.   The Defendant, George Dore, is charged with Disobeying a Police Officer, a Class A Misdemeanor, in violation of RSA 265:4, I(e). The Defendant is representing himself, and jury selection is scheduled for December 9.

2.   On November 21, the Defendant filed three separate motions/documents with this Court. The first is titled, "Motion to Court." The second is untitled, but begins with "You persons of the District Attorney of New Hampshire…" The third is titled, "Common Law Vehicular Judicial Notice."

3.   Because these motions were filed together and do not appear to warrant separate objections, the State herein responds to all arguments that it perceives from these motions.

1

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

4.  The Defendant claims that he does not "understand the charges" or "the nature and cause of the charges." This is precisely the reason why the Defendant had retained Attorney James Loring for the entirety of this case – because Attorney Loring explained the charges and how to properly respond to them. With Attorney Loring's guidance, the Defendant proceeded through a bench trial in the Ossipee District Court before appealing his conviction to this Court. The Defendant also represented to this Court that he wanted to proceed pro se at his trial, that he is self-taught in law and criminal defense, and that he has "won six of seven traffic trials" in which he represented himself. It is absurd for the Defendant to dismiss his counsel on the eve of the jury trial he requested and claim that he now does not understand the charges against him.

5.  The Defendant challenges "the court[']s lack of jurisdiction" and claims that "the court must prove jurisdiction in writing." The Defendant subjected himself to the jurisdiction of this Court when he appealed his District Court conviction to this Court.

6.  The entirety of the untitled document is apparently reliant on trusts and estates law and contract law. The Defendant seems to believe the State is administering his estate without the consent of the estate's executor. This document has no bearing on this matter, since this case is proceeding under the criminal laws of New Hampshire. The Defendant also has no administrable "estate" unless he is deceased.

7.  The "Constitutional Driver[']s License" is not reconcilable with RSA 265:4, Chapter 263, or with any other criminal statute in New Hampshire. The "right to travel freely" described within does not override the requirement of RSA 263:1 that any person driving a motor vehicle upon a way in New Hampshire must have a valid driver's license, or the requirement of RSA 263:2 that any person driving a motor vehicle must display and/or

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/24/2021

surrender their driver's license upon request of an investigating law enforcement officer. Therefore, this Court should disallow the Defendant from using this document as a defense to the charged conduct.

WHEREFORE, the State requests that this Honorable Court:

A.    Reject the motions and documents filed by the Defendant; and

B.    Grant such other relief as this Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

November 22, 2019

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Objection was served electronically on November 22, 2019, to George Dore, defendant in this matter, at mmssjgd@gmail.com, which is the email address he provided to this Court and has been utilizing to communicate with the State.

November 22, 2019

Thomas Palermo

3

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

## Motion to Court

I am a man. I do not understand
the charges. I do not understand
the nature and cause of the
charges. I am challenging the
courts lack of jurisdiction and
the court must prove jurisdiction in
writing before I can proceed.
Those are my wishes.

: George - Lawrence : Dore

Thumb print
of : George - Lawrence : Dore

CSC-NOV21'19ᴾᴹ 2:57

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/30/2021

17

Received 03-15-19
Lt. Gney A. Prince
~~~~~
7 pages

County of ___Carroll_____
OFFICE OF THE CLERIC
___Ossipee___, **New Hampshire**

## COMMON LAW VEHICULAR JUDICIAL NOTICE



"Facta Non Verba"

## CONSTITUTIONAL DRIVERS LICENSE
THE UNDERSIGNED Common Law Citizen
___George-L-Dore___, U.C.C 1-207 1-308 w/o prejudice here by
Certifies, by Rights Secured under provisions of the
Constitution of the United States of America, the
Constitution of the several states, Common Law, Nature and
Laws of Natures GOD, that these Rights are retained in FEE
SIMPLE ABSOLUTE, and held and protected with special
regard to Rights designated and/or set forth as follows: ALSO
NOTE Rights and Property are ONE AND THE SAME
THING-by the Honorable Justice LOUIS BRANDIS U.S.
SUPREME COURT.
**NOTICE AND ADVISORY OF RIGHTS CLAIMED
INVIOLATE:**
**1)** The Right to TRAVEL FREELY, UNENCUMBERED, and
UNFETTERED is guaranteed as a RIGHT and not a mere
privilege. That the Right to TRAVEL is such a BASIC RIGHT it
does NOT even need to be mentioned for it is SELF-evident
by Common Sense that the Right to TRAVEL is a BASIC
CONCOMMITANT of a FREE Society to come and go from

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
*Jean Banks*
Jean Banks, Deputy Clerk  10/26/2021

length and breath FREELY UNENCUMBERED and UNFETTERED distinguishes the characteristic required for a FREE PEOPLE TO EXIST IN FACT.

Please See SHAPIRO vs. THOMSON, 394 U. S. 618 .

Further, the Right to TRAVEL by private conveyance for private purposes upon the Common way can NOT BE INFRINGED.

No license or permission is required for TRAVEL when such TRAVEL IS NOT for the purpose of [COMMERCIAL] PROFIT OR GAIN on the open highways operating under license INCOMMERCE.

The above named Common Law Citizen listed IS NOT OPERATING IN COMMERCE and as such is thereby EXEMPTED FROM THE REQUIREMENT OF A LICENSE AS SUCH.

Further, the New Hampshire state, is FORBIDDEN BY LAW from converting a BASIC RIGHT into a PRIVILEGE and requiring a LICENSE and or a FEE CHARGED for the exercise of the BASIC RIGHT.

Please SEE MURDOCK vs. PENNSYLVANIA, 319 U.S. 105, and if New Hampshire, state does ERRONIOUSLY convert BASIC RIGHTS into PRIVILEGES and require a License or FEE a Citizen may IGNORE THE LICENSE OR FEE WITH TOTAL IMMUNITY FOR SUCH EXERCISE OF A BASIC RIGHT.

Please see Schuttlesworth vs. BIRMINGHAM, ALABAMA, 373 U.S. 262. Now if a Citizen exercises a BASIC RIGHT and a Law of ANY state is to the contrary of such exercise of that BASIC RIGHT, the

said supposed Law of ANY state is a FICTION OF LAW and 100% TOTALLY UNCONSTITUTIONAL and NO COURTS ARE BOUND TO UPHOLD IT AND NO Citizen is REQUIRED

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Banks* 10/26/2021
Jean Banks. Deputy Clerk

TO OBEY SUCH UNCONSTITUTIONAL LAW OR LICENSE REQUIREMENT.

Please see MARBURY vs. MADISON, 5 U.S. 137 (1803), which has never been overturned in over 194 years, see Shephard's Citations. Now further, if a Citizen relies in good faith on the advice of Counsel and or on the Decisions of the UNITED STATES SUPREME COURT that Citizen has a PERFECT DEFENSE to the element of WILLFULNESS and since the burden of proof of said WILLFULNESS is on the Prosecution to prove beyond a REASONABLE DOUBT, said task or burden being totally impossible to specifically preform there is NO CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED BY A COURT OF LAW.

Please see U.S. vs. Bishop 412 U.S. 346 . OBVIOUSLY THERE IS NO LAWFUL CHARGE AGAINST EXERCISING A BASIC Right to TRAVEL for a regular Common Law Citizen NOT IN COMMERCE on the common way Public Highway. THAT IS THE LAW!!! The above named Citizen IS IMMUNE FROM ANY CHARGE TO THE CONTRARY AND ANY PARTY MAKING SUCH CHARGE SHOULD BE DULY WARNED OF THE TORT OF TRESPASS!!! YOU ARE TRESPASSING ON THIS Common Law Citizen.

George – L – Dore

2)The original and Judicial jurisdiction of the United States Supreme Court is ALL actions in which a State may be party, the subdivision, political or trust.

This includes ALL state approved subdivisions and/or INCORPORATED Cities, Townships, Municipalities, and Villages, Et Al.

Please see Article 3, Section 2, Para. (1) and (2), U.S. Constitution.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021



3)The undersigned has NEVER willingly and knowingly entered into ANY Contract or Contractual

agreement giving up ANY Constitutional Rights which are secured by the CONSTITUTION, the SUPREME LAW OF THE LAND.

This Common Law Citizen

_George — L - Dore_ has NOT harmed any party, has NOT threatened any party, and that includes has NOT threatened or caused any endangerment to the safety or well being of any party and would leave any claimant otherwise to their strictest proofs otherwise IN A COURT OF LAW.

_George — L - Dore_ Bill of rights.

The above named Citizen is merely exercising the BASIC RIGHT TO TRAVEL UNENCUMBERED and UNFETTERED on the Common public way or highway, which is their RIGHT TO SO DO!

Please see Zobel vs. Williams, 457 U.S. 55, held the RIGHT TO TRAVEL is Constitutionally PROTECTED!

4)Conversion of the direct conflict with any state, which are WITH STANDING IN LAW

ON THEIR FACE.

RIGHT TO TRAVEL into a PRIVILEGE and or CRIME is A FRAUD and is in clear and she

_George — L - Dore_ ,UNITED STATES CONSTITUTION, THE SUPREME LAW OF THE LAND. LAWS made by clearly in direct CONFLICT or REPUGNANCY are UNCONSTITUTIONAL and are NOT AND ARE BEING CHALLENGED AS SUCH HERE AND THEREBY ARE NULL AND VOID OF LAW NO COURTS ARE BOUND TO UPHOLD SUCH FICTIONS OF LAW AND NO Citizen is bound to obey such a FICTION OF LAW.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
_____ 10/26/2021
Deputy Clerk

SUCH REGULATION OR LAW OPERATES AS A MERE
NULLITY OR FICTION OF LAW AS IF IT
NEVER EXISTED IN LAW. No CITIZEN IS BOUND TO
OBEY SUCH UNCONSTITUTIONAL LAW!

**5)** The payment for a privilege requires a benefit to be
received As the RIGHT TO TRAVEL is
already secured it is clearly unlawful to cite any charges
without direct damage to the specific
party. Nor may a Citizen _George – L – Done_ ,be
charged with an offense for the exercise of a
CONSTITUTIONAL RIGHT, in this case the RIGHT TO
TRAVEL.
Please see Miller vs. UNITED STATES 230 F2d 486.
Nor may a Citizen be denied DUE PROCESS OF LAW or
EQUAL PROTECTION UNDER THE LAW.

**6)** The undersigned does hereby claim, declare, and certify
ANY AND ALL their CONSTITUTIONAL
RIGHTS INVIOLATE from GOD and secured in THE UNITED
STATES CONSTITUTION and the CONSTITUTION OF THE
state wherein they abode as a SOVEREIGN, COMMON LAW
CITIZEN existing and acting entirely AT THE COMMON LAW,
and retains ALL BASIC RIGHTS under the CONSTITUTION
OF THE UNITED STATES OF AMERICA, NATURE AND
NATURE'S GOD AND UNDER THE LAWS OF GOD THE
SUPREME LAW GIVER.

**7)** ANY VIOLATOR OF THE ABOVE CONSTRUCTIVE
NOTICE AND CLAIM IS CRIMINALLY TRESPASSING
UPON THIS ABOVE NAMED COMMON LAW Citizen and
WILL BE PROSECUTED TO THE FULLEST EXTENT
UNDER THE SUPREME LAW OF THE LAND.BE WARNED
OF THE TRESPASS AND THE ATTACHED CAVEATS.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

_Jean Banks_

Jean Banks, Deputy Clerk
10/26/2021

**ALSO TAKE CONSTRUCTIVE NOTICE, IGNORANCE OF THE LAW IS NOT AN EXCUSE!**

SIGNATURE OF THE ABOVE NOTED Common Law Citizen is

signed _____

WITNESS _____

Date _____ .

WITNESS _____

Date _____

or

NOTARY PUBLIC _____

MY COMMISSION

EXPIRES __2/25/20__ _____

Form below use for County Clerk

**State of New Hampshire**

COUNTY OF __Carroll_____ 1,

_____, CLERK of the

County of

_____, thereof do

hereby certify the

Citizen above named has sworn to the contents of this document and that

same is TRUE AND CORRECT. IN TESTIMONY WHEREOF, I have

hereto set my hand and affixed the SEAL of said CIRCUIT COURT, at

The City of _____,

New Hampshire this

_____ day of_____,

AD._____

_____ Deputy

County Clerk for

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021