Filed
File Date: 3/16/2021 9:23 AM
Carroll Superior Court
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

CARROLL, SS.

SUPERIOR COURT

### STATE OF NEW HAMPSHIRE

v.

### GEORGE DORE

Docket no. 212-2019-CR-00123

### **STATE'S LIST OF TRIAL WITNESSES**

The State will be calling the following witnesses at trial; however, it reserves the right to add or remove witnesses from this list.

Trooper Hawley Rae, New Hampshire State Police Troop E, Tamworth NH

Trooper Nicholas Levesque, New Hampshire State Police Troop E, Tamworth NH

Trooper Seth Turner, New Hampshire State Police Troop E, Tamworth NH

The State reserves the right to call any witnesses listed in the incident/police reports provided to Defendant. The State, at this point, has no knowledge of additional, supplemental testimony to be presented, but will disclose such information as soon as it becomes available.

The defense is in possession of police reports and evidence, as well as supplemental reports and/or information provided by prior counsel. The State will continue to provide any information relevant to the charges as it becomes available.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks* 10/21/2021

Jean Banks. Deputy Clerk

March 16, 2021

*/s/ Thomas Palermo*
Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office
PO Box 218
Ossipee, NH 03864
(603) 539-7769

## CERTIFICATE OF SERVICE

I hereby certify that I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and all other parties who have entered electronic service contacts in this case.

March 16, 2021

*/s/ Thomas Palermo*
Thomas Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk        10/26/2021

SUCH REGULATION OR LAW OPERATES AS A MERE
NULLITY OR FICTION OF LAW AS IF IT
NEVER EXISTED IN LAW. No CITIZEN IS BOUND TO
OBEY SUCH UNCONSTITUTIONAL LAW!
5)The payment for a privilege requires a benefit to be
received As the RIGHT TO TRAVEL is
already secured it is clearly unlawful to cite any charges
without direct damage to the specific
party. Nor may a Citizen _(george - L - l )one_____,be
charged with an offense for the exercise of a
CONSTITUTIONAL RIGHT, in this case the RIGHT TO
TRAVEL.
Please see Miller vs. UNITED STATES 230 F2d 486.
Nor may a Citizen be denied DUE PROCESS OF LAW or
EQUAL PROTECTION UNDER THE LAW.
6)The undersigned does hereby claim, declare, and certify
ANY AND ALL their CONSTITUTIONAL
RIGHTS INVIOLATE from GOD and secured in THE UNITED
STATES CONSTITUTION and the CONSTITUTION OF THE
state wherein they abode as a SOVEREIGN, COMMON LAW
CITIZEN existing and acting entirely AT THE COMMON LAW,
and retains ALL BASIC RIGHTS under the CONSTITUTION
OF THE UNITED STATES OF AMERICA, NATURE AND
NATURE'S GOD AND UNDER THE LAWS OF GOD THE
SUPREME LAW GIVER.
7)ANY VIOLATOR OF THE ABOVE CONSTRUCTIVE
NOTICE AND CLAIM IS CRIMINALLY TRESPASSING
UPON THIS ABOVE NAMED COMMON LAW Citizen and
WILL BE PROSECUTED TO THE FULLEST EXTENT
UNDER THE SUPREME LAW OF THE LAND.BE WARNED
OF THE TRESPASS AND THE ATTACHED CAVEATS.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

## ALSO TAKE CONSTRUCTIVE NOTICE, IGNORANCE OF THE LAW IS NOT AN EXCUSE!

SIGNATURE OF THE ABOVE NOTED Common Law Citizen is

signed _____

WITNESS _____

Date _____

WITNESS _____

Date _____

or

NOTARY PUBLIC, _____

MY COMMISSION

EXPIRES ___2/25/20_____

Form below use for County Clerk

State of New Hampshire

COUNTY OF __Carroll_____ 1,

_____, CLERK of the

County of

_____, thereof do

hereby certify the

Citizen above named has sworn to the contents of this document and that

same is TRUE AND CORRECT. IN TESTIMONY WHEREOF, I have

hereto set my hand and affixed the SEAL of said CIRCUIT COURT, at

The City of _____ ,

New Hampshire this

_____ day of _____,

AD._____

_____ Deputy

County Clerk for THE STATE OF NEW HAMPSHIRE

Carroll County Superior Court

A TRUE COPY ATTEST:

_____

Jean Banks, Deputy Clerk

10/26/2021

CSC-MAR26'21AM10:46

Notice to Court
in regards to
"212-2219-CR-00123"

CSC-MAR26'21AM10:46

i: george: dore of lawful age, currently living on 26 Iras Lane, west Ossipee, NH, i the living flesh and blood, carbon man george: dore i: george: dore am the EXECUTOR and BENEFICIARY ever my body, mind, and soul. i say this with a clean mind and clean hands, good faith, good conscience for god reason. i am a god and honest man. Is the court seeking to act as EXECUTOR De son Tort STOP IT IMMEDIATLY!

Matthew 18:15 - if your brother sins against you go and show him his fault, just between the two of you. if he listens to you, you have won your brother over.

i, the living flesh and blood man george: dore is the EXECUTOR of the all Uppercase name GEORGE DORE. ENLLGHSAID, send to me the document that you have that states you have the authority to administer the ESTATE without my consent.

i instruct Judge AmyLIgnatius to discharge/ dismiss this case!

From the Executives OFFICE, GEORGE DORE, ESTATE

Thank You,

Witness Jennifer anne 3/26/21          george; dore    3/26/21

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks
Jean Banks, Deputy Clerk
10/26/2021

4/5

## Jean A. Banks

| | |
|---|---|
| **From:** | Abigail Albee |
| **Sent:** | Friday, March 26, 2021 11:43 AM |
| **To:** | Jean A. Banks; Hon. Amy Ignatius |
| **Subject:** | FW: Multiple emails sent from Lisa Towle |
| **Attachments:** | Dore (response to Notices).pdf |

FYI... Jean, please attach this email to the electronic file so we have a record of our response.
Thanks,
Abby

**From:** Abigail Albee
**Sent:** Friday, March 26, 2021 11:42 AM
**To:** 'mssjgd' <mssjgd@gmail.com>; 'jamesp.loring@gmail.com' <jamesp.loring@gmail.com>; Thomas Palermo (tpalermo@CarrollCountyNH.net) <tpalermo@CarrollCountyNH.net>
**Subject:** RE: Multiple emails sent from Lisa Towle

Mr. Dore:

Attached please find the Court's Order regarding your recent pleading. The Court's Order addresses issues raised by your pleading as well as expectations for jury selection. Should you have further questions or concerns regarding the jury trial process please reach out to Attorney Loring.

Sincerely,
Abigail Albee

Abigail Albee, Esq.
Superior Court Clerk
Carroll and Belknap Counties
1-855-212-1234
aalbee@courts.state.nh.us

**From:** mssjgd <mssjgd@gmail.com>
**Sent:** Thursday, March 25, 2021 3:47 PM
**To:** Abigail Albee <aalbee@courts.state.nh.us>
**Subject:** Multiple emails sent from Lisa Towle

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Lisa Towles automatic reply email had said to contact you Abigail. I do not understand all these times and dates. If you look at them they are all screwed up.You are causing me and my family harm and putting us under duress.I do not consent to this color of law that you are using against the living flesh and blood man george;dore
3-25-21

Sent from my Verizon, Samsung Galaxy smartphone

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Bank* 10/26/2021

Jean Banks, Deputy Clerk

1

46

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Carroll County

Carroll Superior Court

## State v. George L Dore

### 212-2019-CR-00123

### ORDER ADDRESSING NOTICE TO COURT

The court received this date, in hand, the defendant's Notice to Court" and "Common Law Vehicular Judicial Notice." Once again, the documents were not filed through the e-court system and were not made available to the County Attorney's office as required.

Copies of these pleadings have been provided to the County Attorney's office for their files. This is the last time the court will forward documents that should have been made available to the County Attorney's office.

These are the last pleadings the court will address that have not been filed through the e-court system. Any further pleadings not filed through the e-court system will not be considered.

The Notice to Court, dated March 26, 2021 "instructs" the court to discharge or dismiss this case. The requested instruction is DENIED.

Jury selection shall commence on April 5, 2021 at 9 AM and continue on successive days, until the jury has been selected. The jury selection session on April 5, 2021 shall be by WebEx. The subsequent days will be in person at the Carroll County Superior Court. The defendant must appear, as well as his standby counsel. Masks and social distancing are required for all participants during in court proceedings. If the defendant has questions about the jury selection process he should address those to his counsel.

The Common Law Vehicular Notice has been received. It bears the stamp of a notary public whose commission has expired. Whether it is admissible and what its legal import may be will be addressed at trial, if the defendant seeks to introduce it.

So Ordered.

March 26, 2021
Date

Judge Amy L. Ignatius

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/26/2021

NHJB-3054-Se (08/06/2019)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Carroll County

Carroll Superior Court

## State v. George L Dore

### 212-2019-CR-00123

### ORDER ADDRESSING NOTICE TO COURT

The court received this date, in hand, the defendant's Notice to Court" and "Common Law Vehicular Judicial Notice." Once again, the documents were not filed through the e-court system and were not made available to the County Attorney's office as required.

Copies of these pleadings have been provided to the County Attorney's office for their files. This is the last time the court will forward documents that should have been made available to the County Attorney's office.

These are the last pleadings the court will address that have not been filed through the e-court system. Any further pleadings not filed through the e-court system will not be considered.

The Notice to Court, dated March 26, 2021 "instructs" the court to discharge or dismiss this case. The requested instruction is DENIED.

Jury selection shall commence on April 5, 2021 at 9 AM and continue on successive days, until the jury has been selected. The jury selection session on April 5, 2021 shall be by WebEx. The subsequent days will be in person at the Carroll County Superior Court. The defendant must appear, as well as his standby counsel. Masks and social distancing are required for all participants during in court proceedings. If the defendant has questions about the jury selection process he should address those to his counsel.

The Common Law Vehicular Notice has been received. It bears the stamp of a notary public whose commission has expired. Whether it is admissible and what its legal import may be will be addressed at trial, if the defendant seeks to introduce it.

So Ordered.

March 26, 2021
Date

Judge Amy L. Ignatius

Clerk's Notice of Decision
Document Sent to Parties
on   03/26/2021

NHJB-3054-Se (08/06/2019)

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks, Deputy Clerk
10/26/2021

47

## Carrie Garcia

**From:** mssjgd <mssjgd@gmail.com>
**Sent:** Wednesday, March 31, 2021 2:14 PM
**To:** Carrie Garcia
**Subject:** RE: Candidate Detail Report

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

I the living man flesh and blood george;dore does not understand, or consent to anything
3/302021

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Carrie Garcia <CGarcia@courts.state.nh.us>
Date: 3/30/21 3:10 PM (GMT-05:00)
To: jamesp.loring@gmail.com, mssjgd@gmail.com, Thomas Palermo <tpalermo@CarrollCountyNH.net>,
"Carroll County Attorneys Office (CCAOffice@carrollcountynh.net)" <CCAOffice@carrollcountynh.net>
Subject: Candidate Detail Report

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

**Date: 03/30/2021**

**From: Carroll Superior Court**

**To: Counsel**

Attached are the additional Candidate Detail Reports that have been received <u>as of today's date</u>. These are being provided via e-mail for your convenience.

Your acceptance of these questionnaires constitutes confirmation that you will adhere to the Superior Court Rule which indicates that:

The Clerk's office shall permit attorneys and parties representing themselves who have jury cases scheduled for trial during the term to have a copy of the questionnaires which have been completed by the jurors presently serving. An attorney or parties representing themselves shall not exhibit such questionnaire to anyone other than the client and other lawyers and staff employed by the attorney's firm.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks Deputy Clerk
10/26/2021

1

These questionnaires are confidential materials and shall not be distributed to others. At the conclusion of this jury trial term, the questionnaires must be destroyed, deleted, or rendered unreadable and unusable via a method commonly deemed acceptable according to industry standards.

Thank you for your cooperation.

**If you have further questions, please contact us.  1-855-212-1234**

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

2

*7 pages*
*in writing / one page*

Abigail Albee

Carroll Superior Court

96 Water Village Rd. Box 3

Ossipee, NH 03864

Regarding: 1212. 309. CR-00123

March 31 2021

Dear Abigail, greeting;

Please find enclosed for filing in 212. 309. CR-0023

> Notice; Idiot
>
> Notice; Common Law
>
> Notice; Rights
>
> Notice; False Statement
>
> Notice; Grand Jury
>
> Order

A copy of which I verify to give to Michaela Andruzzi, County Attorney

On this 31 day of March 2021

Thanks for your attention to this matter,

I; Gregg of the Doe family

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk

10/21/2021

49

notice: idiot

In regards to "2| 2-2₀19-ca-cc / 33"

I, man, am an idiot before Court without title or
representation; I am an idiot to legalese and to the
customs of the legal society (see Exhibit A)
i say here, and will verify in open court that all herein
be true.

i: George of the Done Family

Exhibit A

from http://www.etymonline.com

idiot; "ordinary person, layman; outsider, person lacking professional skill, (opposed to
writer, soldier, skilled workman), literally "private person" (as opposed to one
taking part in public affairs),"

idiotic: "unprofessional, unskilled; not done by rules of art

legalese: "the language of legal documents,"1914, from legal+ language name ending

-ese."

'HE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks. Deputy Clerk
10/26/2021

# Notice: Common Law

## in regards to

n 31 2 2519 ~k-(کی)-1

I, man, evoke common law;

I, require a 'court of record'; trial by jury;

I, say here and will verify in open court
that all herein be true.

I George of the Dore Family

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks. Deputy Clerk
10/24/2021

notice rights

in regards to

N 2019-04-00123'

i, man, declare the woman Hawley Rae did, on 17th of August 2018 interfere with my right to travel and to enjoy property (see Exhibit A). i say here and will verify in open court that all herein be true.    i, George of the Done family

## Exhibit A

(Cf. Part First: Article 2; All men have certain natural, essential, and inherent rights - among which are, the enjoying and defending life and liberty; acquiring, possessing, and protecting, property; and, in a word, of seeking and obtaining happiness.)

- o    I believe governments exist to secure rights and protect property of man;
- e    i believe no men or women will verify in open court, under oath or affirmation, that i did operate under license;
- e    contrary to the purpose of government, the man Cameron Vetter does cause harm to men;

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks. Deputy Clerk
10/26/2021

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Carroll County                                                              Carroll Superior Court

## State v. George L Dore

### 212-2019-CR-00123

### ORDER ON "NOTICE" FILED 4/1/2021

The defendant, George Dore, has been informed numerous times that he must use the court's e-filing system and that the court would no longer accept documents submitted in hard copy or email, unless he has court approval to do so. Despite these directions, he filed a seven page Notice on April 1, 2021 regarding his trial which is scheduled to begin jury selection on April 5, 2021.

The court will not address pleadings not submitted through the e-court system.

For clarity, however, Mr. Dore is again informed that jury selection will commence April 5, 2021 at 9 AM. Trial will commence April 19, 2021 at 9 AM. Mr. Dore has standby counsel, so his claimed lack of understanding of "legalese" is not a concern. He has had months to prepare for this case and the deadline to identify witnesses is long past. The request to continue the trial for 40 days, therefore, is without merit.

So Ordered.

April 1, 2021
Date

Judge Amy L. Ignatius

Clerk's Notice of Decision
Document Sent to Parties
on   04/01/2021

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/21/2021

NHJB-3054-Se (08/06/2019)

50

# THE STATE OF NEW HAMPSHIRE

**Carroll, SS**

**Superior Court**
**Docket No: 212-2019-CR-00123**

State of New Hampshire

v.

George Dore

## MOTION TO EXCUSE THE PRESENCE
## OF STANDBY COUNSEL AT JURY
## SELECTION FOR THE MORNING OF APRIL 7, 2021

NOW COMES James P. Loring, Esq., standby counsel for George Dore in the above-captioned matter, and respectfully requests that this Honorable Court excuse his presence at Jury Selection for the morning of April 7, 2021.

In support thereof counsel states as follows:

1. That standby counsel is also counsel for Jason Sanfacon. On February 25, 2021, an individual identified as Jacqueline Clare filed a Complaint for Protection from Harassment (5 M.R.S.A. Section 4651, et seq). On February 25, 2021, the Complaint filed by Ms. Claire was scheduled for a Final Hearing on April 7, 2021, at 8:30 am.

2. Counsel was not familiar with the Covid Jury Selection process and as such, did not anticipate that the Sanfacon hearing would be a problem. Counsel is now aware that the Jury Selection process will last for a period of three days.

3. Counsel does not want to continue this matter and seeks to bring the instant case to finality. Herein, Counsel is seeking accommodation to allow him to participate in both hearings. Unfortunately, the Sanfacon matter is going to take place in person at the Springvale courthouse.

4. In the first instance, Counsel seeks to attend the Sanfacon matter with the understanding that the Defendant will attend the April 7th morning session without standby counsel. Counsel expects that he can be back at the Ossipee Courthouse no later than 1 pm.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.

Jean Banks, Deputy Clerk
10/24/2021

5. To the extent that the Court wants counsel to be present, Counsel respectfully requests that this Honorable Court commence the April 7, 2021 session at 1:00 pm.

6. If that is not acceptable Counsel respectfully request that the third day of Jury Selection commence on April 8, 2021.

7. Counsel spoke to the Defendant about this Motion and the relief requested herein. The Defendant does not object to this Motion.

8. Counsel spoke to Attorney Thomas Palermo about this Motion and the relief requested herein. Attorney Palermo does not object to this Motion.

WHEREFORE, Counsel respectfully requests that this Honorable Court excuse his presence during the morning session of Jury Selection on April 7, 2021, and for such other and further relief as this Court deems just.

Dated: April 2, 2021                         Respectfully submitted,
                                             George Dore

                                             By his counsel,


                                             By: /s/ James P. Loring
                                                 James P. Loring, Esq.
                                                 240 Islington Street
                                                 P.O. Box 1515
                                                 Portsmouth, N.H. 03802-1515
                                                 Bar # 1507

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/24/2021

## CERTIFICATION

I, James P. Loring, Esquire, hereby certify that I have this date served all parties to the instant matter by filing the Pleading in the Court's electronic filing system.

Dated: April 2, 2021

/s/ James P. Loring
James P. Loring
Bar # 1507

Granted

*Amy Ignatius*

Honorable Amy L. Ignatius
April 5, 2021

The court adopts one of the three alternatives suggested by standby counsel, to which the defendant and the State do not object.
Jury selection take place Monday and Tuesday, April 5 and 6, 2021 as scheduled.
Jury selection will be suspended on Weds April 7.
Jury selection will recommence Thursday April 8 and continue to Friday April 9, if necessary.

Clerk's Notice of Decision
Document Sent to Parties
on 04/05/2021

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Banks*

3       Jean Banks, Deputy Clerk
10/26/2021

## Carrie Garcia

| | |
|---|---|
| **From:** | mssjgd <mssjgd@gmail.com> |
| **Sent:** | Monday, April 5, 2021 11:01 AM |
| **To:** | Carrie Garcia; jamesp.loring@gmail.com; Thomas Palermo; Carroll County Attorneys Office (CCAOffice@carrollcountynh.net) |
| **Subject:** | RE: Order |

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Notice of Order

In regards to

212-2019-CR-00123

To Thomas Daniel Palermo,

i, the living man as EXECUTOR and BENEFICIARY of the ESTATE of GEORGE L DORE in all capital letter text style,as you are a trustee , Thomas Daniel Palermo.
i order you to withdraw your charges against the ESTATE of GEORGE L DORE. i
require you to discharge all charges against the ESTATE immediately. i will forgive your trespass against the living man, for causing harm, bodily injury,and financial loss for prosecuting the living man. You have 3 days to respond. No response means you accept these terms.
Thank you,
george;dore
4-5-2021

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Carrie Garcia <CGarcia@courts.state.nh.us>
Date: 3/30/21 3:10 PM (GMT-05:00)
To: jamesp.loring@gmail.com, mssjgd@gmail.com, Thomas Palermo <tpalermo@CarrollCountyNH.net>,
"Carroll County Attorneys Office (CCAOffice@carrollcountynh.net)" <CCAOffice@carrollcountynh.net>
Subject: Candidate Detail Report

## THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

1

53

**Date: 03/30/2021**

**From: Carroll Superior Court**

**To: Counsel**

Attached are the additional Candidate Detail Reports that have been received <u>as of today's date</u>. These are being provided via e-mail for your convenience.

Your acceptance of these questionnaires constitutes confirmation that you will adhere to the Superior Court Rule which indicates that:

The Clerk's office shall permit attorneys and parties representing themselves who have jury cases scheduled for trial during the term to have a copy of the questionnaires which have been completed by the jurors presently serving. An attorney or parties representing themselves shall not exhibit such questionnaire to anyone other than the client and other lawyers and staff employed by the attorney's firm.

These questionnaires are confidential materials and shall not be distributed to others. At the conclusion of this jury trial term, the questionnaires must be destroyed, deleted, or rendered unreadable and unusable via a method commonly deemed acceptable according to industry standards.

Thank you for your cooperation.

**If you have further questions, please contact us.  1-855-212-1234**

## Jean A. Banks

**From:** Abigail Albee
**Sent:** Tuesday, April 6, 2021 7:19 AM
**To:** Jean A. Banks
**Subject:** Fwd: Jury court date April 6 2021

Jean:
Please print and add to file.
Thanks,
Abby

Begin forwarded message:

> **From:** mssjgd <mssjgd@gmail.com>
> **Date:** April 5, 2021 at 8:41:50 PM EDT
> **To:** Abigail Albee <aalbee@courts.state.nh.us>
> **Subject: Jury court date April 6 2021**

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

To whom it may concern,

I living man george;dore will be forced to be present tomorrow at 10:30 am at Carroll county court in Ossipee by coercion of threat of being arrested against my will, and bullied by court by having sheriff's or cops with gun threatening me, if i am not present in court, taking away my free will by Thomas Daniel Palermo acting as a prosecutor, and Amy l Ignatius acting as judge, putting me under duress.                                    george

Sent from my Verizon, Samsung Galaxy smartphone

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:
*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

1

54

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | **Carroll Superior Court** |
| Case Name: | **STATE v. GEORGE DORE** |
| Case Number: (if known) | **212-2019-CR-00123** |

## REQUEST FOR DOCUMENTS IN CRIMINAL CASES

I am requesting:

☐    Juror Questionnaires

☑    Certified Copies

     ☐ Entire file      ☑ Document(s) (please list below)

**Amended Disobeying an Officer Complaint, Charge ID 1534007C**

| | | |
|---|---|---|
| **Thomas Palermo** | | |
| Name of Filer | | |
| **Carroll County Attorney** | **271593** | |
| Law Firm, if applicable | Bar ID # of attorney | |
| **Box 2, 95 Water Village Road** | | |
| Address | | |
| **Ossipee** | **NH** | **03864** |
| City | State | Zip code |

| | |
|---|---|
| **/s/ Thomas Palermo** | **04/06/2021** |
| Signature | Date |
| **(603) 553-9776** | |
| Telephone | |
| **tpalermo@carrollcountynh.net** | |
| E-mail | |

This form is to be filed electronically through File & Serve by all registered NH File & Serve users.

If you are not a registered NH File & Serve user, please send completed form to the Superior Court Electronic Filing Center, either:

Via email:     SuperiorEFC@courts.state.nh.us

Via fax:       (603) 627-8630

Via mail:      Hillsborough Superior Court North

               Superior Court Electronic Filing Center

               300 Chestnut Street, Manchester, NH 03101

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

55

Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S ORAL MOTION TO SUPPRESS

The State of New Hampshire, by its counsel, Thomas Palermo, presents the following memorandum of law in oppositional response to the Defendant's request that the Court suppress any testimony at trial about the conduct underlying the Defendant's Resisting Arrest charge and conviction. The State asserts the following in support thereof:

1.  The Defendant, George Dore, is charged with Disobeying an Officer, a Class A Misdemeanor. This matter is a de novo appeal for jury trial following the Defendant's conviction in Circuit Court; the parties have completed jury selection and the matter is set to proceed to trial on April 19, 2021.

2.  The Defendant was also, in the same case and from the same episode of conduct, charged with Resisting Arrest and several traffic violations. The allegations are that the Defendant was pulled over by State Trooper Hawley Rae for a traffic violation, and that he became extremely aggressive and hostile, getting out of his truck and charging her cruiser before being told to get back in his vehicle, and then telling Trooper Rae repeatedly to "fuck off" in response to her request for his driver's license. He then allegedly continued swearing at her and held his door shut when Trooper Rae attempted

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*

Jean Banks, Deputy Clerk
10/26/2021

1

to arrest him, forcing her to threaten to tase him when he put his hands on the steering wheel and appeared as if he was going to attempt to drive off.

3. The Defendant also appealed these charges; however, because they were not found to be Class A Misdemeanors or above, the Court severed the charges and remanded them to the Circuit Court for imposition of sentence.

4. Because of this, the Defendant has demanded that any testimony of the circumstances leading to the charge of Resisting Arrest be suppressed at trial. Applying the Rules of Evidence, the Defendant appears to be claiming that testimony about the Resisting Arrest falls under Rule 404(b) as an "other crime, wrong, or act." N.H. R. Evid. 404(b). The Defendant, in essence, seeks to force the State to present the facts of the Disobeying charge to a jury in a fragmented and piecemeal manner, without the supporting context of the conduct underlying the Resisting Arrest charge.

5. The State objects to this. Testimony about the Defendant's resisting arrest is res gestae evidence. The State has the right to present the entire sequence of events, complete with all intrinsic facts and circumstances, to the jury, without being forced to extract and produce fragmented testimony and evidence of the Disobeying charge while tip-toeing around the Resisting charge. Furthermore, the jurors have a right to hear the whole facts and circumstances of the arrest so that they may have the context necessary to make a proper and fair determination of guilt or innocence.

6. The New Hampshire Supreme Court has ruled explicitly in line with the State's position.

> "[Rule 404(b)], by its very terms, excludes only extrinsic evidence
> – evidence of other crimes, wrongs, or acts – whose probative
> value exclusively depends upon a forbidden inference of criminal
> propensity. 'Other act' evidence is intrinsic, and therefore not
> subject to Rule 404(b), when the evidence of the other act and the

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST.

*Fran Ban hk*
Jean Banks, Deputy Clerk
10/26/2021

evidence of the crime charged are inextricably intertwined or **both acts are part of a single criminal episode** or the other acts were necessary preliminaries to the crime charged.    Intrinsic or inextricably intertwined evidence will have a causal, temporal, or spatial connection with the charged crime.    Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, **arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense**.  This type of evidence is admissible under the rationale that **events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of the charged act so that it may realistically evaluate the evidence**."

*State v. Wells*, 166 N.H. 73, 77-78 (2014) (quotations omitted).

7.  In *State v. Wells*, the defendant was convicted, following a jury trial, of committing Aggravated Felonious Sexual Assault against his young daughter.  *Id.* at 75.  During testimony, the victim stated that the defendant had digitally penetrated her shortly before the charged rape; the digital penetration had not been charged at that point.  *Id.*  The Defendant objected and demanded a mistrial, claiming that the uncharged digital penetration was inadmissible under 404(b).  *Id.*  The State argued that the victim was "merely describing the details of a single sexual assault."  *Id.*

8.  On appeal, the Supreme Court ruled that "under the circumstances, no mistrial was warranted. We reach this conclusion because the… testimony was admissible evidence of a single criminal episode… [and] the jurors could properly have considered it in determining the issue of guilt or innocence of the charged AFSA."  *Id.* at 77.

"The challenged testimony in this case did not provide evidence of "other crimes, wrongs, or acts" governed by Rule 404(b), but rather described an act that was inextricably intertwined with the charged offense because the acts were part of a single criminal

3

NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

> episode, and describing the digital penetration was necessary to
> complete the story of the charged sexual intercourse. The child
> described an event that had a close temporal connection to the
> charged sexual assault – she described events that took place
> immediately prior to the charged act, provided the jury with a full
> account of a single event, and enabled the jury to realistically
> evaluate her testimony."

*State v. Wells*, 166 N.H. 73, 78 (2014).

9.    The Supreme Court continued on to say that "[a]lthough intrinsic evidence is not barred

by Rule 404(b), it must nonetheless satisfy the balancing test set forth in Rule 403." *Id.*

at 79. "Under the Rule 403 balancing test, relevant evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion

of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence." *Id.* "Evidence is relevant if it has any

tendency to make the existence of any fact that is of consequence to the determination of

the action more or less probable than it would be without the evidence." *Id.* "Evidence is

unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies,

arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of

human action that may cause a jury to base its decision on something other than the

established propositions in the case." *Id.* "Unfair prejudice is not, of course, mere

detriment to a defendant from the tendency of the evidence to prove guilt, in which sense

all evidence offered by the prosecution is meant to be prejudicial." *Id.* at 79-80.

10.   Despite the fact that the act of sexually assaulting a child by digital penetration would

very much "arouse [a] sense of horror" in any normal person, the Supreme Court found

that the testimony in *Wells* was admissible under the 403 balancing test. "Here, the

child's description of digital penetration immediately preceding the sexual intercourse

4

Carroll County, Superior Court
A TRUE COPY ATTEST:

*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

was relevant because it was integral to the telling of her story. This gave the jury a more complete understanding of the alleged crime and better enabled the jurors to assess the likelihood that the charged sexual assault occurred." *Id.* at 80. Conversely, while "[t]he defendant argue[d] that the risk of unfair prejudice arises from the likelihood that the jury used the testimony to convict him based on his propensity to commit digital penetration, and not on the established propositions in the case... the child mentioned the uncharged act while describing the progressive sequence of events leading up to the charged act, rather than describing a separate, discrete incident, [and so] we disagree that there was a substantial risk that the jury would use the testimony as propensity evidence." *Id.* "Additionally, we conclude that there was only minimal risk that the act described in the testimony would induce the jury to decide against the defendant on an improper or emotionally charged basis. We cannot say that the testimony that the defendant digitally penetrated the child prior to engaging in sexual intercourse with her was likely to have any greater emotional impact upon the jury than the evidence of the charged intercourse." *Id.* "Although the challenged testimony may have been prejudicial, it was not unfairly so; we cannot conclude that the evidence was so inflammatory as to arouse the jury's 'sense of horror' or to 'provoke its instinct to punish.'" *Id.*

11. The evidentiary rulings in this case should be identical to those in *Wells*. Although the conduct underlying the Resisting Arrest charge happened after the conduct underlying the Disobeying charge and not before, it happened immediately afterwards, in such a way that it was part of a singular "criminal episode," both temporally and spatially connected to the Disobeying conduct. In fact, the conduct underlying the two charges is so

5

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

inextricably interconnected that it is difficult to say precisely where the conduct of the Disobeying charge ends and the conduct of the Resisting Arrest charge begins.

12.  Furthermore, the conduct underlying the Resisting Arrest forms an integral part of Trooper Rae's testimony. It "completes the story" of the offense because the allegations, and the testimony, are not merely that the Defendant was pulled over, sat quietly in his vehicle, and silently refused to present a driver's license; rather, the allegations are that the Defendant behaved in an extremely hostile and aggressive manner with Trooper Rae, getting out of his vehicle and charging at her cruiser as she pulled him over, swearing at her, telling her "fuck you" when she asked for his license, and then continuing to tell her to "fuck off" and "get a warrant" as she tried to place him under arrest, and holding his door shut so that she would not be able to remove him from the vehicle. To demand that the State present testimony of the Disobeying conduct while tip-toeing around the Resisting conduct is not just a denial of precious context to the jurors, who have a right to hear the entire story so that they may realistically evaluate the facts. It is also a rejection of the Supreme Court's declaration that "events do not occur in a vacuum," unreasonably forcing the State to present a small part of what is a larger story of the Defendant's obscenely hostile behavior towards Trooper Rae.

13.  Having established that the conduct underlying the Resisting charge is intrinsic, not extrinsic, evidence, the remaining step is to apply the Rule 403 balancing test.

14.  In applying the 403 test, this case is again very similar to *Wells*. Testimony about the conduct of the Resisting charge makes the facts of the Disobeying charge more probable because the fact that the Defendant would aggressively resist arrest in the manner described makes it more probable and more believable that he also refused to provide

6

THE S   C U   NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

Trooper Rae with his driver's license; thus, the testimony about the resisting conduct is relevant under 403. And although the Defendant's behavior underlying the Resisting charge is clearly outrageous and offensive to the sensibilities of any rational person, it is no more likely to provoke "horror" or an "instinct to punish" than the conduct of the Disobeying charge. As mentioned earlier, it is difficult to separate where the conduct of the Disobeying ends and the conduct of the Resisting begins, because both allege extreme aggression and hostility by the Defendant towards Trooper Rae. A juror hearing testimony that the Defendant charged Trooper Rae's cruiser and then told her to "fuck off" when she asked for his license would be no more or less outraged after subsequently hearing that the Defendant continued to tell her to "fuck off" and held his door shut when she attempted to arrest him. The risk that a jury would rule on an "improper or emotionally charged basis" based on testimony of the Resisting conduct, when heard in conjunction with the Disobeying conduct, is absolutely minimal, and the probative value of the testimony is in not substantially outweighed by the minute risk of unfair prejudice.

15. Because Trooper Rae's testimony about the conduct underlying the Resisting charge is both intrinsic and inextricably intertwined with the conduct underlying the Disobeying charge, and because testimony about the Resisting conduct is both relevant to the trial and not unfairly prejudicial to the Defendant, the State asks the Defendant's request be denied and that the State be permitted to elicit testimony from Trooper Rae about the Defendant's conduct underlying the Resisting charge.

WHEREFORE, the State respectfully requests that this Honorable Court:

7

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*

Jean Banks. Deputy Clerk
10/26/2021

A.    Deny the Defendant's request that testimony and evidence relating to the conduct of the

Resisting charge be suppressed, and allow the State to elicit such testimony and evidence

at trial; and

B.    Grant such other relief as the Court deems appropriate.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE

By its counsel,

April 9, 2021                                        */s/ Thomas Palermo*

Thomas D. Palermo, Esq.
NH Bar #271593
Assistant County Attorney
Carroll County Attorney's Office

Clerk's Notice of Decision                Box 2, 95 Water Village Road
Document Sent to Parties                  Ossipee, NH 03864
on 04/15/2021                             (603) 539-7769

## CERTIFICATE OF SERVICE

I, Thomas Palermo, certify that a copy of this Memorandum of Law was forwarded on

April 9, 2021, to the Defendant, George Dore, by email and by U.S. Mail, and to Attorney James

Loring, standby counsel for the Defendant.

April 9, 2021                                        */s/ Thomas Palermo*

Thomas Palermo

Because the defense request was made orally after jury selection, the court will record its ruling
on the State's objection. The court finds the conduct that led to the resisting arrest charge, for
which the defendant has been convicted and is not being retried on appeal, is deeply intertwined
with the conduct that led to the disobeying an officer charge, for which the defendant is being tried
de novo. The court balances the interests of presentation of the full interaction between the defendant                    Honorable Amy L. Ignatius
and Trooper Rae with the requirements of fairness. The court will allow the State to elicit from Trooper                    April 15, 2021
Rae all of the conduct during the traffic stop up to the point she charged him with disobeying an officer.
Therefore, she is free to testify to the defendant stepping out of his vehicle, cursing at her, etc, as
alleged by the State in its objection. Trooper Rae is not, however, to testify to a charge of resisting arrest,
a subsequent trial or a conviction on that charge, unless she testifies inconsistently in Superior Court with her
testimony in the Circuit Court trial. If that is the case, the parties are admonished to be careful in their language,
using phrases such as "did you give a statement about these events at a prior hearing?" rather than "did you
previously testify in Circuit Court..."

## Lisa E. Towle

| | |
|---|---|
| **From:** | Lisa E. Towle |
| **Sent:** | Thursday, April 15, 2021 11:59 AM |
| **To:** | 'MSSJGD@GMAIL.COM' |
| **Cc:** | Abigail Albee |
| **Subject:** | RE: To the court |

Good Morning Mr. Dore,

The documents you requested are ready and can be picked up at the bailiff's desk at the court house until 4:00 PM today or between 8:00AM - 4:00 PM on Friday, April 16, 2021.

Best,

Lisa

*Lisa Towle*
*Court Monitor / Assistant*
*Carroll County Superior Court*
*96 Water Village Rd.*
*Ossipee, NH 03864*
*1-800-212-1234*

**From:** mssjgd <mssjgd@gmail.com>
**Date:** April 14, 2021 at 7:47:59 PM EDT
**To:** Abigail Albee <aalbee@courts.state.nh.us>
**Subject: To the court**

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

On Monday April 19 2021 I will need the certified copy of the index sheet of all the advertments and notices I have submitted for case # 212-2019-CR-00123 before the trial @ 9:00am. This will be submitted as part of my evidence to the jury.
Thank you
george;dore 4-14-21

Sent from my Verizon, Samsung Galaxy smartphone

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Ban hu*
Jean Banks, Deputy Clerk
10/26/2021

1

57

## Lisa E. Towle

**From:** mssjgd <mssjgd@gmail.com>
**Sent:** Thursday, April 15, 2021 7:13 PM
**To:** Lisa E. Towle
**Subject:** RE: To the court

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

I will pick them up Monday morning before trial.

Thank you
george ;dore

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Lisa E. Towle" <LTowle@courts.state.nh.us>
Date: 4/15/21 11:58 AM (GMT-05:00)
To: MSSJGD@GMAIL.COM
Cc: Abigail Albee <aalbee@courts.state.nh.us>
Subject: RE: To the court

Good Morning Mr. Dore,

The documents you requested are ready and can be picked up at the bailiff's desk at the court house until 4:00 PM today or between 8:00AM - 4:00 PM on Friday, April 16, 2021.

Best,

Lisa

*Lisa Towle*
*Court Monitor / Assistant*

*Carroll County Superior Court*

*96 Water Village Rd.*

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

1

58

*Ossipee, NH 03864*

*1-800-212-1234*

**From:** mssjgd <mssjgd@gmail.com>
**Date:** April 14, 2021 at 7:47:59 PM EDT
**To:** Abigail Albee <aalbee@courts.state.nh.us>
**Subject: To the court**

> EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

On  Monday April 19 2021 I will need the certified copy of the index sheet of all the advertments and notices I  have submitted for case # 212-2019-CR-00123 before the trial @ 9:00am. This will be submitted as part of my evidence to the jury.

Thank you

george;dore  4-14-21

Sent from my Verizon, Samsung Galaxy smartphone

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

*Jean Banks*
Jean Banks  Deputy Clerk
10/26/2021

2

## Lisa E. Towle

| | |
|---|---|
| **From:** | Abigail Albee |
| **Sent:** | Thursday, April 15, 2021 7:52 PM |
| **To:** | Lisa E. Towle |
| **Subject:** | Fwd: Automatic reply: To the court |

Lisa:
Please add this to the odyssey file.
Thanks,
Abby


Begin forwarded message:

> **From:** mssjgd <mssjgd@gmail.com>
> **Date:** April 15, 2021 at 7:15:54 PM EDT
> **To:** Abigail Albee <aalbee@courts.state.nh.us>
> **Subject: FW: Automatic reply: To the court**

> **EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

> Lisa Towle said the documents would be available tomorrow that I requested but I will be picking then up Monday before trial.
> Thank you,
> george;dore


> Sent from my Verizon, Samsung Galaxy smartphone


> -------- Original message --------
> From: "Lisa E. Towle" <LTowle@courts.state.nh.us>
> Date: 4/15/21 7:12 PM (GMT-05:00)
> To: mssjgd <mssjgd@gmail.com>
> Subject: Automatic reply: To the court


I will be out of the office on April 16, 2021. I will respond to all emails when I return on April 19, 2021. If you need immediate assistance please contact Abby Albee at
aalbee@courts.state.nh.us

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*
Jean Banks, Deputy Clerk
10/26/2021

1

**Thank you**

**Lisa Towle**

**Court Monitor/Assistant**

**Carroll County Superior Court**

**96 Water Village Rd, Ossipee, NH**

**1-855-212-1234**

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST·

Jean Banks  Deputy Clerk
10/26/2021

2

# THE STATE OF NEW HAMPSHIRE

**CARROLL, SS.**                                        **SUPERIOR COURT**

State of New Hampshire

v.

George Dore

212-2019-CR-123

## VERDICT FORM

How do you find the defendant, George Dore, on the charge of disobeying a police

officer, in charge #1534007c?

Guilty _____✓_____              Not Guilty_____

4/19/2021
Date

_____
Foreperson's signature

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

59

State V. George Dore

**CARROLL COUNTY SUPERIOR COURT**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| W. Fligg | N/ Leavitt Susan Mitchum | J. Sellinger | C. Armstrong | S. Halpin Adam Szirbik | S. O'Brien | P. Dill | D/ Skull Patricia Fox | G/ Osier Alexis Brock | C. Stanton | C. Bickford |

| 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|
| D Booth | K. Wadlinger | K Downing Courtney Smith | S. Mitchum | A. Szirbik | P. Fox | M Gaumond | A. Bidok | D.Z. Smith | K. Leonard | C. Smith |

**Pre-Emptory Challenges:**

State (Atty Palermo)

1. 20
2. 14
3. 18
4. 2

Defense (Mr. Dore / Atty Loring) (stand b1)

1. 5
2. 9
3. 21
4. 8

4/9/2021

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

60

# THE STATE OF NEW HAMPSHIRE

**CARROLL, SS.**                                             **SUPERIOR COURT**

State of New Hampshire

v.

George Dore

212-2019-CR-123

## JURY INSTRUCTIONS

FUNCTION OF THE COURT AND JURY

Members of the jury, the evidence and arguments in this case have been completed. I will now instruct you as to the law that applies in this case. You will then retire to decide a verdict in this case.

In order to reach a fair and just verdict, you must understand and follow the law as I explain it to you. For example, you have to understand the definition of the crime that the defendant is charged with. You have to understand how convinced one way or the other you should be before you reach a verdict. You have to understand what to consider in deciding whether to believe a particular witness. My instructions will explain the law as to these and other matters so that you can reach a fair and just verdict.

It is your duty as jurors to follow all of the instructions I am about to give you. Regardless of any opinion you may have as to what the law ought to be, the law as I explain it to you is the law that you must follow in reaching your verdict.

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/20/2021

prove a disputed fact by proof of other facts. Let me give you an example to demonstrate the difference between direct and circumstantial evidence.

Assume that a witness testified that on the day in question she sat next to a window in the library and watched the rain coming down. That would be direct evidence that on the day in question it was in fact raining. Now assume that she testified she wasn't seated near a window but saw someone walk in wearing a raincoat and carrying an umbrella, both of which were dripping wet. Because she could not see outside, she had no direct evidence that it was raining; but on the facts I have asked you to assume, it would be reasonable and logical for her to conclude that it was raining outside. That is all there is to circumstantial evidence. On the basis of reason and common sense you infer from an established fact the existence or non-existence of another fact.

Consider both types of evidence. There is no legal distinction between the weight of direct evidence as compared to circumstantial evidence. You are permitted to give equal weight to both, but you must decide how much weight to give any evidence, whether it be direct or circumstantial. However, there is a rule relating to circumstantial evidence that you must keep in mind. If the State presents only circumstantial evidence to prove one or more elements of the charged offense, then in order to convict, you must find that the totality of the evidence excludes all reasonable conclusions other than guilt. This means that if it is reasonable to arrive at two conclusions, one consistent with guilt and one consistent with innocence, then you must choose the reasonable conclusion consistent with innocence. In determining whether all reasonable conclusions other than guilt have been excluded, do not consider any item of circumstantial

THE STATE OF NEW HAMPSHIRE
Superior Court
A TRUE COPY ATTEST

Jean Banks, Deputy Clerk
10/26/2021

4

evidence in isolation. Rather, consider each item of circumstantial evidence in the context of all the other evidence.

You must understand, however, that this circumstantial evidence rule does not apply to direct evidence. Therefore, if there is a conflict between witnesses who offer direct evidence concerning certain facts, you must resolve the conflict. For example, suppose there are two eye witnesses to a crime, and one testifies that the defendant committed the crime and the other testifies that the defendant did not commit the crime. This presents a situation where there is a conflict in the direct evidence. In this situation, you, the jury, must resolve the conflict, and must decide whether – based upon all of the evidence – the State has proven the defendant's guilt beyond a reasonable doubt.

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of witness and the weight their testimony deserves. That is, it is up to you to decide who and what to believe. If there is any conflict between what a witness says and other evidence, then you must decide where the truth lies. Simply because a witness has taken an oath to tell you the truth does not mean that you have to accept his/her testimony as true.

Carefully scrutinize all of the testimony given on both direct and cross examination, the circumstances under which a witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider a witness' intelligence, motive, state of mind, and demeanor on the witness stand. Consider the witness' opportunity and ability to observe the matters as to which s/he has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation a witness may

5

bear to any party or side of the case, the manner in which a witness might be affected by your verdict, and the extent to which, if at all, a witness is either supported or contradicted by other evidence in the case.

These principles apply to all witnesses, whether they are ordinary citizens, police officers, experts or otherwise. In short, consider the testimony of each witness and give it the weight you think it deserves. You may accept all of what a witness has said; you may reject all of what a witness has said; or you can accept some and reject some of what a witness has said. In determining the credibility to be given to the testimony of a witness, use your common sense, your good judgment and your life experience.

NUMBER OF WITNESSES

The weight to be given to the evidence is to be determined by the quality of the evidence, not the quantity. It is not the number of witnesses or quantity of evidence but rather the quality of the evidence that is important.

BURDEN OF PROOF, PRESUMPTION OF INNOCENCE, REASONABLE DOUBT

Under our constitutions, all defendants in criminal cases are presumed to be innocent until proven guilty beyond a reasonable doubt. The burden of proving guilt is entirely on the State. The defendant does not have to prove his innocence. The defendant enters this courtroom as an innocent person, and you must consider him to be an innocent person until the State convinces you beyond a reasonable doubt that he is guilty of every element of the alleged offense. If, after all the evidence and arguments, you have a reasonable doubt as to the defendant having committed any one or more of the elements of the offense charged, then you must find him not guilty.

6

A "reasonable doubt" is just what the words would ordinarily imply. The use of the word "reasonable" means simply that the doubt must be reasonable rather than unreasonable; it must be a doubt based upon reason. It is not a frivolous or fanciful doubt, nor is it one that can easily be explained away. Rather, it is such a doubt based upon reason as remains after consideration of all of the evidence that the State has offered against it. The test you must use is this: If you have a reasonable doubt as to whether the State has proved any one or more of the elements of the crime charged, you must find the defendant not guilty. However, if you find that the State has proved all of the elements of the offense charged beyond a reasonable doubt, you should find the defendant guilty.

CRIMINAL OFFENSE: ACT AND INTENT

The laws of New Hampshire set forth certain crimes. Each crime has a definition. The definition of each crime requires the State to prove that the defendant committed a certain act or acts, and that the defendant acted with criminal intent. In deciding whether a person is guilty of a crime, you must determine both what the person's actions were and what the person's state of mind was.

For a person to be guilty of a crime, he must have physically acted to do something that is criminal, and he must have had a particular state of mind. Unless a person both acted to do something that is criminal and had the required mental state, that person has not committed a crime. That means that if a person either did not physically act to do something criminal or did not have the required mental state, then he is not guilty of a crime.

7

   To understand how mental state works, consider this example: suppose
two automobile drivers hit a pedestrian who was crossing the street. If one of the
drivers intended to hit the pedestrian, and the other one did so out of
carelessness, they would not be guilty of the same crime, even though they both
committed the same act, because each had a different mental state. Thus you
can see how both the act and intent can make a difference.

THE CHARGED OFFENSE – DISOBEYING AN OFFICER

   Charge #1534007c alleges that on August 16, 2018, in Ossipee, the
defendant committed the crime of disobeying an officer in that he knowingly
drove a motor vehicle, specifically a pick-up truck, in the town of Ossipee, and
refused when requested by a law enforcement official to produce his license to
drive such vehicle to Trooper Hawley Rae after she pulled him over for a traffic
stop. The definition of this crime has 3 parts or elements. The State must prove
each part of the definition beyond a reasonable doubt. Thus, the State must
prove that:

1. The defendant was the driver of a motor vehicle; and

2. The defendant refused, on demand of a law enforcement officer, to
   produce his driver's license; and

3. The defendant acted knowingly.

   These are the elements of disobeying a police officer as charged. Certain
words need to be further defined.

   "*Law enforcement officer*" means a sheriff or deputy sheriff of any county,
a state police officer, a constable or police officer of any city or town, an official or

8

employee of any prison, jail or corrections institution, a probation-parole officer, a juvenile probation and parole officer, or a conservation officer.

"*Drive or operate*" means to be in actual physical control of a motor vehicle.

"*Motor Vehicle*" means every mechanical device in, on, upon or by which any person or property is or may be transported or drawn upon a way, except devices used exclusively upon stationary rails or tracks.

"*Knowingly*" – A person acts knowingly when he is aware of the nature of his conduct. The State does not have to prove that the defendant specifically intended or desired a particular result. What the State must prove is that the defendant was aware that his conduct would cause the prohibited result.

Whether the defendant acted knowingly is a question of fact for you to decide. Keep in mind that there is often no direct evidence of intent because there is no way of examining the operation of a person's mind. Consider all the facts and circumstances in evidence in deciding whether the State has proven beyond a reasonable doubt that the defendant acted knowingly.

## DUTY TO DELIBERATE/FINAL INSTRUCTION

The principles of law given to you in these instructions are intended to guide you in reaching a fair and just verdict in this case, which is important both to the State and to Mr. Dore. Decide the facts of this case without passion, without sympathy, and without prejudice but with honesty and understanding. Be conscientious of a just result in this case as that is your highest duty as officers of this court.

9

Now that all the evidence is in and the arguments are completed, you will be free to talk about the case. In fact, now it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the State has proved the defendant guilty beyond a reasonable doubt, based upon the law as given to you.

If any member of the jury panel leaves the deliberation room for any purpose, for example, to use the bathroom, you must stop your deliberations. You are to deliberate only when all deliberating jurors are present to hear and participate in the discussion.

A verdict form has been prepared for your convenience, which contains spaces for you to check off whether you find the defendant guilty or not guilty. Once you have finished your deliberations, your foreperson will complete the verdict form, sign it where indicated, and then notify the court officer, who will give

10

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/6/2021

the form to me. After I review it, in response to inquiry by the clerk, the foreperson will announce your verdict here in open court.

I suggest that your first task will be to select your foreperson, and I will leave it up to you how to do that. The duty of the foreperson of the jury is to act very much like the chairperson of a committee, making certain that each and every member of the jury is given a full and fair opportunity to present his or her views and opinions on each of the issues presented to you for determination. You are all instructed to consider each other's views and opinions and in the final instance reach your own conclusions.

If you have a question relative to my instructions or the legal issues presented in this case, please put the question in writing, have the foreperson sign the question and write down the time you presented the question to the court officer. The court officer will present the question to me for response, which I will give you after I have had the opportunity to discuss the question and proposed answer with the parties. I cannot comment on the evidence, as that is not my role. As I said previously, it is up to you to evaluate the evidence and you must use your own recollection of it.

I am about to make random selections to determine who will serve as the alternate jurors on this case. While the alternates will not participate in jury deliberations, the alternates perform a very important function. We need to be certain that we will have twelve members of the jury to deliberate to conclusion. If a member of the jury were unable to complete the case, an alternate would ensure that we have twelve members to complete the deliberations. By having one or two extra members of the jury, it ensures against the possibility of a mistrial or the

11

necessity of a retrial. The alternate jurors are still members of the panel even though they will not be deliberating at this time. [Alternates selected]

Because it may be necessary for an alternate to rejoin the deliberations, I instruct the alternates that while you remain segregated from the deliberating jurors, you are not to discuss the case with anyone, including each other. When the jury reaches a verdict, you will be returned to the courtroom to hear the verdict.

You may now commence your deliberations. I will see to it that my instructions are delivered to you

April 19, 2021

Amy L. Ignatius
Presiding Justice

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

12

Carroll Superior Court
E-Filed Document

## STATE OF NEW HAMPSHIRE
## SUPERIOR COURT

CARROLL, SS.                                          APRIL 2021

### State of New Hampshire
v.

### GEORGE L DORE  Docket: 212-2019-CR-00123

### LIST OF STATE'S WITNESSES

The State will be calling the following witnesses, however, it reserves the right to add or delete from this list:

Cameron Vetter     New Hampshire State Police, Troop E, Tamworth NH
Seth Turner        New Hampshire State Police, Troop E, Tamworth NH

The State reserves the right to call any witnesses listed in Police Reports, Hospital Records, Lab Reports provided to defendant. The State, at this point, has no knowledge of additional, supplemental testimony to be presented, but will disclose such information as soon as it becomes available.

The defense is in possession of police reports and evidence, as well as supplemental reports and/or information provided by prior counsel.

The State has been involved in good faith, ongoing discussions regarding this case and will continue to provide any information relevant to the charges as it becomes available.

Respectfully submitted,
THE STATE OF NEW HAMPSHIRE

04/20/2021

/s/ Thomas Palermo
Thomas D. Palermo
New Hampshire Bar # 271593
Carroll County Attorney's Office
95 Water Village Road
Ossipee, NH 03864

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks  Deputy Clerk
10/21/2021

## CERTIFICATION OF SERVICE

I hereby certify that I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and all other parties who have entered electronic service contacts in this case.

*/s/ Thomas Palermo*
Thomas D. Palermo

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

Carroll Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

CARROLL, SS.                                                    SUPERIOR COURT

STATE OF NEW HAMPSHIRE

v.

GEORGE DORE

Docket no. 212-2019-CR-00123

## STATE'S SENTENCING MEMORANDUM

The State of New Hampshire, by its counsel, Thomas Palermo, presents the following Memorandum in support of its sentencing argument in this matter.

1.  On April 19, 2021, following a jury trial, the Defendant, George Dore, was convicted of Disobeying an Officer, a Class A Misdemeanor. This matter is a *de novo* appeal from the Defendant's conviction of the same in Circuit Court.

2.  Upon conviction in the Circuit Court, the Defendant was ordered to serve 30 days in the House of Corrections. The State now asks for a sentence of 12 months in the Carroll County House of Corrections, all but 60 days suspended for two years; two years of probation; that the Defendant's driver's license be revoked, in accordance with RSA 265:4, II upon conviction of Disobeying an Officer, for six months; and that the Defendant be ordered to meaningfully participate in and successfully complete any counseling, treatment, or educational programs as directed by the correctional authority or by his probation officer.

3.  The State believes this increase in sentence is justified because the incident behind this matter is merely one instance of a larger pattern of behavior on the part of the Defendant.

1

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

*Jean Banks*

Jean Banks, Deputy Clerk
10/26/2021

The State will present testimony by witnesses at the sentencing hearing to support this assertion; that testimony is summarized below.

4.  The New Hampshire Supreme Court "has long held that sentencing within the statutory limits is within the sound discretion of the trial court." *State v. Landry*, 131 N.H. 65, 67 (1988). "In a trial *de novo* upon appeal by the defendant from a sentence in the district court, due process forbids prosecutorial or judicial vindictiveness against the defendant for taking the appeal. Due process is only offended when there is a realistic likelihood that an increased punishment is the result of vindictiveness." *Id.* (quotations omitted). "In a trial *de novo* therefore, **trial judges may impose increased sentences so long as the increase is not a penalty for pursuing the appeal**." *Id.* at 68. (emphasis added).

5.  At sentencing, the State plans to present testimony from two State Troopers who have had personal experience interacting with the Defendant in incidents which bear disturbing similarity to the conduct in this matter.

6.  Trooper Seth Turner, a member of Troop G, will testify that on June 18, 2018 (approximately two months before the incident in this case), he pulled the Defendant over for a traffic stop in Conway after observing that the Defendant appeared to be operating a commercial vehicle without the required markings and in violation of New Hampshire commercial vehicle regulations. Trooper Turner will describe how, upon activating his cruiser's blue lights, the operator slammed on his brakes and abruptly pulled to the shoulder; Trooper Turner then observed the Defendant step out of the vehicle and "walk at a brisk pace" towards his cruiser. Trooper Turner writes in his report that he "could see that this male subject was yelling and appeared to be upset and angry." Trooper Turner had to stand up on his cruiser's side step and order the Defendant back into his

2

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/24/2021

vehicle. Trooper Turner then writes that the Defendant began arguing with him on the side of the road: "This subject replied saying his attorney had told him I needed a warrant. I informed him once again to return to his vehicle. This subject continued ranting on despite my request." At that point, Trooper Turner was forced to get on his cruiser's radio and request backup from the Conway Police Department in order to proceed with the traffic stop. This experience was so unusual for Trooper Turner that he included the following note in his report:

> "Over the course of my 16 years in law enforcement, I have encountered many drivers who have become upset for being pulled over. I do not recall a time when one of these drivers has ever exited the vehicle to confront me, let alone in such an aggressive manner and being so disobedient. The demonstration by this individual was a gross deviation from what the general motorist does upon being stopped by law enforcement. It is uncalled for, disorderly, creates a hazard to himself and the officer and could result in an altercation if not handled properly."

7.    As the Court heard during the trial in this case, on August 16, 2018, Trooper Hawley Rae of Troop E was patrolling on Route 16B in Ossipee when she observed a truck towing a boat with a non-functioning tail light and no trailer registration visible. When she turned on her blue lights and attempted to conduct a traffic stop, the operator slammed on his brakes and abruptly pulled to the side. As Trooper Rae was about to step out of her cruiser, she saw that the operator – the Defendant – was already out of his truck and walking quickly towards her cruiser, shouting and gesturing with his arms. Although she could not make out everything he said, she noted that he was cursing at her and at the State Troopers generally. The Court will recall Trooper Rae's surprise and confusion at how hostile and aggressive the Defendant was behaving towards a trooper he had never met

3

Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks Deputy Clerk
10/20/2021

met before, and how she had to persuade him just to get back into his vehicle so that the traffic stop could proceed. The Defendant then refused to comply with Trooper Rae's numerous requests for his license and registration as he continued to curse at her, telling her to "get a warrant." Trooper Rae at that point was forced to arrest the Defendant due to his non-compliance, but he refused to get out of his vehicle and held his door shut. The Defendant then placed his hands on the steering wheel and, from Trooper Rae's perspective, appeared as if he was about to drive away. Trooper Rae was forced to threaten to tase the Defendant in order to coerce his compliance and get him to step out of the vehicle, and even then, he continued to rant at her, saying that he would get her fired as he claimed he had gotten many troopers fired in the past.

8.  Trooper Cameron Vetter, also a member of Troop E, will testify that on May 27, 2020, he was monitoring traffic in Ossipee when he saw a side-by-side OHRV, with two occupants, travelling on Route 16 at 50 MPH in a 35 MPH zone. He turned on his blue lights and attempted to conduct a traffic stop; in response, the driver – who would eventually be identified as the Defendant – failed to stop and instead turned onto Ossipee Lake Road while still travelling at approximately 50 MPH. Trooper Vetter observed "the operator swerving from the opposite lane of travel back to the right [lane] as he attempted to control the OHRV." The Defendant then turned onto Old Mill Road, "again taking the corner at a high speed that forced the operator to swerve across the opposite lane of travel to regain control of the vehicle. The vehicle continued to drift from the left to the right side of the road as it traveled down Old Mill Road... As the vehicle approached Old Mill Road at Aztec Drive the vehicle swerved to the left abruptly and back to the right where the passenger side wheels nearly lifted off the ground and I noticed both passengers

4

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021

forcibly shift to the left hand side of the vehicle as it nearly overturned." The chase became so dangerous that Trooper Vetter was forced to terminate the pursuit. Trooper Vetter later began patrolling the area to search for the vehicle; he eventually found it pulled over in a driveway. Trooper Vetter announced himself and told the two occupants to stay where they were; the Defendant ran into the woods and the passenger was taken into custody. The passenger later identified the driver as George Dore.

9. The State also notes that the allegations of Trooper Vetter's interaction with the Defendant on that day have led to additional charges in a new case against the Defendant. On November 2, 2020, a Carroll County grand jury indicted the Defendant for one charge of Reckless Conduct, a Class B Felony; a copy of that indictment is attached to this filing. The matter also includes two misdemeanor charges of Disobeying an Officer and Resisting Arrest.

10. By the testimony of these two witnesses, in conjunction with the facts and testimony presented at the trial, the State asserts that the hostility and aggression demonstrated by the Defendant against law enforcement is a pattern of behavior. The Defendant's actions in this case were not a singular incident to be considered in isolation, but were demonstrative of a recurring and continuous course of conduct by the Defendant. The Defendant has behaved in a combative and openly hostile manner with law enforcement officers prior to this incident and has continued to do so since. The State's request that the Court impose a sentence more severe than the 30 days incarceration ordered in the Circuit Court is, therefore, not a penalty for appeal, but rather an acknowledgement that the Defendant has conducted himself in this manner both before and after the incident in

5

THE STATE OF NEW HAMPSHIRE
Carroll County Superior Court
A TRUE COPY ATTEST:

Jean Banks, Deputy Clerk
10/26/2021