**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

George L Dore,
  by Jennifer-Anne:Dore[1]

   v.                            Case No. 21-cv-857-LM

Carroll County Department of
Corrections et al.[2]

**REPORT AND RECOMMENDATION**

Before the court is the petition for a writ of habeas corpus (Doc. No. 1), filed under 28 U.S.C. § 2254, by Jennifer-Anne:Dore, proceeding as the "trustee authorized representative" of George L Dore.[3]  At issue in the petition is George L Dore's

---

[1] George L Dore's and Jennifer-Anne:Dore's names are rendered several ways in the petition, with variant uses of colons, hyphens, and semi-colons in their names, sometimes describing themselves as trustees or estates.  The court uses George L Dore's name (stripped of punctuation) and Jennifer-Anne:Dore's name (with a hyphen and a colon), intending to refer to them, however they may choose to refer to themselves.

[2] The appropriate respondent in a § 2254 petition is the petitioner's current custodian.  See 28 U.S.C. § 2242; Rule 2 of the Rules Governing Section 2254 Cases ("§ 2254 Rules").  Petitioner has named a prosecutor, a Superior Court judge, the Carroll County Sheriff's Department, and the Carroll County Department of Corrections as respondents.  The clerk's office is directed to update the docket to indicate that the Carroll County Department of Corrections Superintendent is the respondent in this action.

[3] In general, the real party in interest must appear and sign pleadings personally in this court, or through counsel admitted to practice here.  See 28 U.S.C. § 1654; LR 83.6(b). This court expresses no opinion at this time as to whether Jennifer-Anne:Dore may file a § 2241 petition on behalf of

misdemeanor conviction for disobeying a police officer, and his resulting sentence of six months in jail, with all but forty-five days of the sentence suspended for one year.  See Doc. No. 1-3, at 3-5.  The § 2254 petition is here for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules").

## Discussion

I.   § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."  McFarland v. Scott,

---

George L Dore.  See Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998) (to bring a habeas petition on behalf of another under 28 U.S.C. § 2242, "the filing party must show both that she is proceeding in the prisoner's behalf and that there is a valid reason why she is better situated than the prisoner to pursue the writ"); see also Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) (petition's signer "must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf," and she must show she is "truly dedicated" to inmate's "best interests").  See generally § 2254 Rule 2(c)(5) adv. comm. note to 2004 am. (courts expected to apply "next-friend" analysis in deciding whether signer was authorized to sign petition for inmate under § 2254 Rule 2(c)(5)).

512 U.S. 849, 856 (1994) (citing § 2254 Rule 4).

II.  Exhaustion

    To be eligible for habeas relief on his federal claims, the petitioner must show that he has exhausted the remedies available to him in the state courts on his federal claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1); see also Rhines v. Weber, 544 U.S. 269, 273 (2005) ("the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims" (citation omitted)).

    George L Dore was sentenced one day before this petition was filed.  See Doc. No. 1-3, at 3-5.  The timing of that filing indicates that he has not exhausted his available state court remedies as to the claims in the § 2254 petition.  Nothing in the record suggests that state corrective processes (including a direct appeal of the conviction and sentence) are unavailable or ineffective at this time.  Accordingly, the petition is subject to dismissal, without prejudice, for failure to exhaust state remedies.  See Rhines, 544 U.S. at 274.

    While this court may stay an action to allow time for a petitioner to return to the state courts to exhaust state remedies, such a stay is not properly granted here.  Cf. id. at 277 (district court would abuse its discretion if it stays

§ 2254 petition that includes unexhausted claims, absent petitioner's: showing of good cause for prior failure to exhaust state court remedies, and showing that unexhausted claims are potentially meritorious). Nothing before this court suggests good cause for George L Dore's failure to file a direct appeal in the N.H. Supreme Court or otherwise exhaust his state court remedies before filing this action.[4] Accordingly, the district judge should dismiss the petition without prejudice.

### Certificate of Appealability

A Certificate of Appealability ("COA") may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[4] Because of the petitioner's failure to show good cause for not having exhausted state remedies, and in the absence of a motion to stay, this court need not address whether or not the claims asserted in the petition -- "legal notice and demand," "common law copyright notice," "hold harmless and indemnity agreement," and an alleged "due process" violation when the Superior Court did not allow those claims to be raised by a third-party "representative" -- are potentially meritorious.

would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. at 484.  Here, the petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that the failure to exhaust state remedies bars relief at this time.  Accordingly, the district judge should decline to issue a certificate of appealability.

### Conclusion

For the foregoing reasons, the district judge should dismiss the § 2254 petition (Doc. No. 1), without prejudice, for lack of exhaustion of state remedies and decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

October 28, 2021

cc:  George L Dore, Carroll Cnty. Dep't of Corr.
     Jennifer-Anne:Dore, courtesy copy